**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

SLINGSHOT PRINTING, LLC,

Plaintiff,

v.

CANON, U.S.A., INC. and CANON SOLUTIONS AMERICA, INC.,

Defendants.

2:22-cv-00123-JMA-AYS

**JURY TRIAL DEMANDED**

**DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendants Canon, U.S.A., Inc. ("Canon USA") and Canon Solutions America, Inc. ("Canon Solutions") (collectively, "Defendants" or "Canon"), by their attorneys, hereby provide this Answer and Defenses to Plaintiff Slingshot Printing LLC's ("Slingshot") Complaint for Patent Infringement ("Complaint"), as well as the following Counterclaims. Canon has adopted the headings found in the Complaint for ease of reference. However, to the extent such headings contain factual and/or legal characterizations, Canon denies such characterizations. Canon additionally denies all allegations not expressly admitted.

## ANSWER

## RESPONSES TO SLINGSHOT'S ALLEGATIONS REGARDING THE NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent Nos. 7,152,951; 7,195,341; 7,559,629 and 7,938,523 (collectively, the "Patents in Suit") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

**ANSWER:** Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Complaint alleges patent

infringement of United States Patent Nos. 7,152,951; 7,195,341; 7,559,629 and 7,938,523 (collectively, the "Patents in Suit") and that such allegations arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. Defendants deny all allegations of patent infringement and deny any remaining allegations in paragraph 1.

**RESPONSES TO SLINGSHOT'S ALLEGATIONS REGARDING THE PARTIES**

2. Plaintiff Slingshot is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 10015 Old Columbia Road, Suite B215, Columbia, Maryland 21046. Slingshot is in the business of licensing patented technology. Slingshot is the assignee of the Patents in Suit.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 2 and, on that basis, deny them.

3. Defendant Canon U.S.A., Inc. ("Canon U.S.A.") is a New York corporation with its principal place of business at One Canon Park, Melville, New York 11747. Canon U.S.A. is a subsidiary of Japanese corporation Canon, Inc. that is primarily responsible for marketing and sales of Canon products in the United States, including through distributors and resellers. Canon U.S.A.'s registered agent for service of process in the State of New York is Corporation Service Company, 80 State Street, Albany, New York 12207–2543. Canon U.S.A. conducts business in and is doing business in New York and in this District, including, without limitation, using, promoting, offering to sell, importing, and/or selling inkjet printers, inkjet printheads, and/or ink cartridges that embody the patented technology in this District, as well as enabling end-user purchasers to use such devices in this District.

**ANSWER:** Defendants admit that Canon USA is a New York corporation with its principal place of business at One Canon Park, Melville, New York 11747. Defendants further admit that Canon USA is a subsidiary of Japanese corporation Canon, Inc. and markets and sells Canon products in the United States, including through distributors and resellers. Defendants admit that Canon USA's registered agent for service of process in the State of New York is Corporation Service Company, 80 State Street, Albany, New York 12207–2543. Defendants admit that Canon USA conducts business in and is doing business in New York and in this District, including using, promoting, offering to sell, importing, and/or selling inkjet printers,

inkjet printheads, and/or ink cartridges but deny any allegations that such activities infringe the Patents in Suit. Defendants deny any remaining allegations in paragraph 3.

4. Defendant Canon Solutions America, Inc. ("CSA") is a New York corporation with a principal place of business at One Canon Park, Melville, New York 11747. CSA is a wholly owned subsidiary of Canon U.S.A. CSA's registered agent for service of process in the State of New York is Corporation Service Company, 80 State Street, Albany, New York 12207–2543. Defendant CSA conducts business in and is doing business in New York and in this District and elsewhere in the United States, including, without limitation, using, promoting, offering to sell, importing, and/or selling inkjet printers and/or inkjet printheads that embody the patented technology in this District, and enabling end-user purchasers to use such devices in this District.

**ANSWER**: Defendants admit that Canon Solutions is a New York corporation with a principal place of business at One Canon Park, Melville, New York 11747. Defendants further admit that Canon Solutions is a wholly owned subsidiary of Canon USA. Defendants admit that Canon Solutions' registered agent for service of process in the State of New York is Corporation Service Company, 80 State Street, Albany, New York 12207–2543. Defendants admit that Canon Solutions conducts business in and is doing business in New York and in this District and elsewhere in the United States, including using, promoting, offering to sell, and/or selling inkjet printers and/or inkjet printheads but deny any allegations that such activities infringe the Patents in Suit. Defendants deny any remaining allegations in paragraph 4.

## RESPONSES TO SLINGSHOT'S ALLEGATIONS REGARDING JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Complaint alleges patent infringement and that such allegations arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. Defendants also admit that this Court has subject matter jurisdiction over this

action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendants deny all allegations of patent infringement and deny any remaining allegations in paragraph 5.

6. Defendant Canon U.S.A. is subject to this Court's specific and general personal jurisdiction at least because it is incorporated under the laws of New York, has a headquarters located in this District, conducts business in New York and in this District, and has committed acts of infringement within this District, including, without limitation, using, promoting, offering to sell, importing, and/or selling inkjet printers, printheads and/or ink cartridges that embody the patented technology in this District, as well as inducing infringement in this District.

**ANSWER**: Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit, for purpose of this action only, that Canon USA is subject to this Court's specific and general personal jurisdiction. Defendants further admit that Canon USA is incorporated under the laws of New York, has a headquarters located in this District, and conducts business in New York and in this District. Defendants further admit that Canon USA markets, offers to sell, imports, and/or sells inkjet printers, printheads, and/or ink cartridges in this District. Defendants deny all allegations of patent infringement and deny any remaining allegations in paragraph 6.

7. Defendant CSA is subject to this Court's specific and general personal jurisdiction at least because it is incorporated under the laws of New York, has a headquarters located in this District, conducts business in New York and in this District, and has committed acts of infringement within this District, including, without limitation, using, promoting, offering to sell, importing, and/or selling inkjet printers and/or ink cartridges that embody the patented technology in this District, as well as inducing infringement in this District.

**ANSWER:** Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit, for purposes of this action only, that Canon Solutions is subject to this Court's specific and general personal jurisdiction. Defendants further admit that Canon Solutions is incorporated under the laws of New York, has a headquarters located in this District, and conducts business in New York and in this District. Defendants further admit that Canon Solutions markets, offers to sell, and/or sells inkjet printers and/or

printheads in this District. Defendants deny all allegations of patent infringement and deny any remaining allegations in paragraph 7.

8. Venue lies in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendants reside in this District, have regularly conducted business in this District, and/or have committed acts of infringement in this District.

**ANSWER**: Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they reside in this District and conduct business in this district. Defendants further admit, for purposes of this action only, that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants deny all allegations of patent infringement and deny any remaining allegations in paragraph 8.

## RESPONSES TO SLINGSHOT'S ALLEGATIONS REGARDING BACKGROUND

9. The Patents in Suit relate to inkjet printer technology. Inkjet printers accomplish printing by ejecting ink from a micro-fluid ejection device such as an ink jet printhead. The printhead generally includes a semiconductor substrate having attached nozzles and corresponding ink ejection actuators. Ink is ejected from the nozzles onto a print medium, such as paper. Ink tanks or cartridges store ink and provide ink to the printhead during printing.

**ANSWER:** Defendants deny the allegations in paragraph 9 insofar as they contain opinions and legal arguments rather than factual assertions, and, thus, require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 9 and, on that basis, deny them.

10. Three of the four Patents in Suit cover technologies relating to printheads for inkjet printers or components thereof. In particular, U.S. Patent No. 7,152,951, U.S. Patent No. 7,195,341 and U.S. Patent No. 7,559,629 relate to printhead configurations that are optimized to reduce cost, improve performance, enhance printing resolution, and/or provide other benefits. U.S. Patent No. 7,938,523 relates to ink cartridges designed with venting elements to extend product longevity, minimize leaks, improve operation of inkjet printheads, and/or provide other benefits.

**ANSWER**: Defendants deny the allegations in paragraph 10 insofar as they contain opinions and legal arguments rather than factual assertions, and, thus, require no response. To

the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 10 and, on that basis, deny them.

11. The Patents in Suit were originally assigned to Lexmark International, Inc. (hereinafter "Lexmark"), and were the result of Lexmark's many years of researching, designing, and developing innovative and proprietary inkjet printing technologies.

**ANSWER:** Defendants deny the allegations in paragraph 11 insofar as they contain opinions and legal arguments rather than factual assertions, and, thus, require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 11 and, on that basis, deny them.

12. Lexmark was formed in 1991 when IBM divested a number of its hardware manufacturing operations. Lexmark became a leading developer, manufacturer and supplier of inkjet printers, ink cartridges, and their associated supplies and services.

**ANSWER**: Defendants deny the allegations in paragraph 12 insofar as they contain opinions and legal arguments rather than factual assertions, and, thus, require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 12 and, on that basis, deny them.

13. Recognizing the value of Lexmark's intellectual property, Funai Electric Co., Ltd (hereinafter "Funai") acquired Lexmark's inkjet printing technology intellectual property and related assets, including the Patents in Suit.

**ANSWER:** Defendants deny the allegations in paragraph 13 insofar as they contain opinions and legal arguments rather than factual assertions, and, thus, require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 13 and, on that basis, deny them.

14. Funai subsequently assigned to Slingshot all rights, title, and interest in the Patents in Suit.

**ANSWER**: Defendants deny the allegations in paragraph 14 insofar as they contain opinions and legal arguments rather than factual assertions, and, thus, require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 14 and, on that basis, deny them.

## RESPONSES TO SLINGSHOT'S ALLEGATIONS REGARDING THE PATENTS IN SUIT

15. On December 26, 2006, U.S. Patent No. 7,152,951 ("the '951 patent"), entitled "High Resolution Ink Jet Printhead," a copy of which is attached hereto as Exhibit A, was duly and legally issued. The '951 patent issued from U.S. patent application Serial Number 10/775,874 filed February 10, 2004 and discloses and relates to a printhead for an inkjet printer. The inventors assigned all right, title, and interest in the '951 patent to Lexmark. Lexmark assigned its entire right, title, and interest in the '951 patent to Funai. Funai assigned its entire right, title, and interest in the '951 patent to Slingshot. Slingshot is the sole owner of all rights, title, and interest in the '951 patent and, at a minimum, of all substantial rights in the '951 patent, including the exclusive right to enforce the patent and all rights to pursue damages, injunctive relief, and all other available remedies for past, current, and future infringement thereof.

**ANSWER:** Defendants admit that U.S. Patent No. 7,152,951 issued on December 26, 2006 and is titled "High Resolution Ink Jet Printhead." Defendants further admit that the '951 Patent issued from U.S. patent application Serial Number 10/775,874 filed February 10, 2004. Defendants also admit that Exhibit A purports to be a copy of the '951 Patent. Defendants deny that the '951 Patent is valid and enforceable. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and therefore deny the same.

16. On March 27, 2007, U.S. Patent No. 7,195,341 ("the '341 patent"), entitled "Power And Ground Buss Layout For Reduced Substrate Size," a copy of which is attached hereto as Exhibit B, was duly and legally issued. The '341 patent issued from U.S. patent application Serial Number 10/956,939 filed September 30, 2004 and discloses and relates to a micro-fluid ejection device for an inkjet printer. The inventors assigned all right, title, and interest in the '341 patent to Lexmark. Lexmark assigned its entire right, title, and interest in the

’341 patent to Funai. Funai assigned its entire right, title, and interest in the ’341 patent to Slingshot. Slingshot is the sole owner of all rights, title and interest in the ’341 patent and, at a minimum, of all substantial rights in the ’341 patent, including the exclusive right to enforce the patent and all rights to pursue damages, injunctive relief, and all other available remedies for past, current, and future infringement thereof.

**ANSWER**: Defendants admit that U.S. Patent No. 7,195,341 issued on March 27, 2007 and is titled “Power and Ground Buss Layout for Reduced Substrate Size.” Defendants further admit that the ‘341 Patent issued from U.S. patent application Serial Number 10/956,939 filed September 30, 2004. Defendants also admit that Exhibit B purports to be a copy of the ‘341 Patent. Defendants deny that the ‘341 Patent is valid and enforceable. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore deny the same.

17. On July 14, 2009, U.S. Patent No. 7,559,629 (“the ’629 patent”), entitled “Methods And Apparatuses For Implementing Multi-Via Heater Chips,” a copy of which is attached hereto as Exhibit C, was duly and legally issued. The ’629 patent issued from U.S. patent application Serial Number 11/238,559 filed September 29, 2005 and discloses and relates to a heater chip for use in a printing device. The inventor assigned all right, title, and interest in the ’629 patent to Lexmark. Lexmark assigned its entire right, title, and interest in the ’629 patent to Funai. Funai assigned its entire right, title, and interest in the ’629 patent to Slingshot. Slingshot is the sole owner of all rights, title, and interest in the ’629 patent and, at a minimum, of all substantial rights in the ’629 patent, including the exclusive right to enforce the patent and all rights to pursue damages, injunctive relief, and all other available remedies for past, current, and future infringement thereof.

**ANSWER:** Defendants admit that U.S. Patent No. 7,559,629 issued on July 14, 2009 and is titled “Methods and Apparatuses for Implementing Multi-Via Heater Chips.” Defendants further admit that the ‘629 Patent issued from U.S. patent application Serial Number 11/238,559 filed September 29, 2005. Defendants also admit that Exhibit C purports to be a copy of the ‘629 Patent. Defendants deny that the ‘629 Patent is valid and enforceable. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore deny the same.

18. On May 10, 2011, U.S. Patent No. 7,938,523 ("the '523 patent"), entitled "Fluid Supply Tank Ventilation For A Micro-Fluid Ejection Head," a copy of which is attached hereto as Exhibit D, was duly and legally issued. The '523 patent issued from U.S. patent application Serial Number 11/762,101 filed June 13, 2007 and discloses and relates to a fluid supply tank for a micro-fluid ejection head. The inventor assigned all right, title, and interest in the '523 patent to Lexmark. Lexmark assigned its entire right, title, and interest in the '523 patent to Funai. Funai assigned its entire right, title, and interest in the '523 patent to Slingshot. Slingshot is the sole owner of all rights, title, and interest in the '523 patent and, at a minimum, of all substantial rights in the '523 patent, including the exclusive right to enforce the patent and all rights to pursue damages, injunctive relief, and all other available remedies for past, current, and future infringement thereof.

**ANSWER**: Defendants admit that U.S. Patent No. 7,938,523 issued on May 10, 2011 and is titled "Fluid Supply Tank Ventilation for a Micro-Fluid Ejection Head." Defendants further admit that the '523 Patent issued from U.S. patent application Serial Number 11/762,101 filed June 13, 2007. Defendants also admit that Exhibit D purports to be a copy of the '523 Patent. Defendants deny that the '523 Patent is valid and enforceable. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore deny the same.

**RESPONSES TO SLINGSHOT'S ALLEGATIONS REGARDING DEFENDANTS' INFRINGING PRODUCTS[1]**

19. Defendant Canon U.S.A. makes, uses, sells, offers for sale, and/or imports into the United States a variety of inkjet printers. These inkjet printers include, among others, the Maxify line of printers for small and home office printing, the Pixma line of multifunction printers, and the imagePROGRAF line of business and professional printers. Canon U.S.A. actively markets and supports sales of Maxify, Pixma, and imagePROGRAF printers through its website (www.usa.canon.com) and other means, and sells these printers to retailers, distributors, and/or other resellers. Certain of the imagePROGRAF models are offered for sale and available for purchase directly through Canon U.S.A.'s website.

**ANSWER:** Defendants admit that Canon USA uses, sells, offers for sale, and/or imports into the United States inkjet printers, including the Maxify line of printers, the Pixma line of printers, and the imagePROGRAF line of printers. Defendants also admit that Canon USA sells

[1] Defendants have repeated this header solely for ease of reference. This does not constitute an admission that Defendants infringe any of the Patents in Suit.

certain models of its printers through its website (www.usa.canon.com) and sells certain models of its printers to retailers, distributors, and/or other resellers. Defendants deny any allegations of infringement and deny any remaining allegations in paragraph 19.

20. Canon U.S.A. also makes, uses, sells, offers for sale, and/or imports into the United States ink cartridges designed for use and compatible with its inkjet printers. Ink cartridges are necessary for the operation of the inkjet printers and vice versa. Canon U.S.A.'s inkjet printers are typically sold with a set of compatible ink cartridges. Canon U.S.A. also makes, uses, sells, offers for sale, and/or imports into the United States replacement ink cartridges for its various inkjet printers.

**ANSWER**: Defendants admit that Canon USA uses, sells, offers for sale, and/or imports into the United States ink cartridges and replacement ink cartridges designed for use and compatible with its inkjet printers. Defendants also admit that at least some of the inkjet printers are sold with compatible ink cartridges. Defendants deny any allegations of infringement and deny any remaining allegations in paragraph 20.

21. Some inkjet printers sold by Canon U.S.A. utilize ink cartridges that include an integrated printhead. With respect to other inkjet printers, the printhead is integrated into the printer separate from the ink cartridges. In some models, each printhead is located on a carriage within the inkjet printer that support an ink tank mounted in alignment with the printhead.

**ANSWER:** Defendants deny the allegations in paragraph 21 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, require no response. To the extent a response is required, Defendants deny the allegations of paragraph 21.

22. Defendant CSA makes, uses, sells, offers for sale, imports into the United States, and/or services large format inkjet printers and/or printheads for large format printers. These large format printers include, among others, the imagePROGRAF line of printers for business and professional printing. CSA's website (csa.canon.com) allows potential customers to request a quote for specific imagePROGRAF printers.

**ANSWER**: Defendants admit that Canon Solutions uses, sells, and/or offers for sale in the United States, and/or services large format inkjet printers and/or printheads for large format printers, including the imagePROGRAF line of printers. Defendants further admit that the website found at csa.canon.com includes links to the imagePROGRAF line of printers and

includes an option to request a quote for pricing. Defendants deny any remaining allegations in paragraph 22.

**DEFENDANTS' RESPONSES TO FIRST CAUSE OF ACTION – INFRINGEMENT OF THE '951 PATENT**

23. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 22, as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their answers to the allegations of paragraphs 1-22 as if fully set forth herein.

**Defendant Canon U.S.A's Infringement**

24. Defendant Canon U.S.A., directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '951 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, having made, using, selling, offering to sell, and/or importing inkjet printers, ink cartridges, and/or printheads that embody the inventions claimed in the '951 patent, in particular, at least claims 1–7, and 10, within the United States and within this District. Canon U.S.A. has been and is engaged in one or more of these direct infringing activities related to its inkjet printers, ink cartridges, and/or printheads, including at least: (i) Maxify GX6020, Maxify GX7020, Maxify iB4020, Maxify iB4120, Maxify MB2020, Maxify MB2120, Maxify MB2320, Maxify MB2720, Maxify MB5020, Maxify MB5120, Maxify MB5320, Maxify MB5420, Pixma G1220, Pixma G2260, Pixma G3260, Pixma G4210, Pixma G6020, Pixma G7020, Pixma MG2120, Pixma MG2220, Pixma MG2420, Pixma MG2522, Pixma MG2525, Pixma MG2920, Pixma MG2922, Pixma MG2924, Pixma MG3020, Pixma MG3022, Pixma MG3120, Pixma MG3122, Pixma MG3220, Pixma MG3222, Pixma MG3520, Pixma MG3522, Pixma MG3620, Pixma MG4120, Pixma MG4220, Pixma MX320, Pixma MX330, Pixma MX340, Pixma MX350, Pixma MX360, Pixma MX372, Pixma MX392, Pixma MX410, Pixma MX420, Pixma MX432, Pixma MX439, Pixma MX452, Pixma MX459, Pixma MX472, Pixma MX479, Pixma MX490, Pixma MX492, Pixma MX512, Pixma MX522, Pixma MX532, Pixma TR4520, Pixma TR4522, Pixma TR7020, Pixma TR7022, Pixma TS202, Pixma TS302, Pixma TS3120, Pixma TS3122, Pixma TS3320, Pixma TS3322, Pixma TS5120, Pixma TS5320, Pixma TS6420, Pixma iP100, Pixma iP110, Pixma iP2700, Pixma iP2702, and Pixma iP2820 inkjet printers; (ii) CL-211, CL-211XL, CL-241, CLI-241XL, CL-244, CL-244XL, CL-246, CL-246XL, CL-261, CL-261XL, PG-210, PG-210XL, PG-240, PG-240XL, PG-243, PG-243XL, PG-245, PG-245XL, PG-260, and PG-260XL ink cartridges and Maxify and/or Pixma printers utilizing such cartridges; (iii) inkjet printers and/or ink cartridges utilizing one or more printheads containing a die with part number LQ4220, LQ4300, LQ4490-H, LQ400A, LQ400A-23, LQ4540, LQ4540A, LQ4550, LQ4550A, LQ4590, LQ4620, LQ4640, LQ4750, LQ4760, LQ4770, LQ4770-12-F2, LQ4780, or LQ4780-13; (iv) PF-10 printheads and inkjet printers utilizing PF-10 printheads, including imagePROGRAF PRO-1000, PRO-2000, PRO-2100, PRO-4000, PRO-4000S, PRO-4100, PRO-4100S, PRO-6000, PRO-6000S, PRO-6100, and PRO-6100S large format inkjet printers; and (v) any other printhead (or product containing a printhead) having a semiconductor substrate containing a

column of heater resistors spaced substantially the same distance from an edge of an ink feed slot and wherein the heater resistors in the column have an aspect ratio ranging from about 1.5:1 to about 6:1, a thick film layer attached to the substrate and forming ink feed chambers and channels for the heater resistors, and a nozzle plate attached to the thick film layer and containing nozzle holes spaced apart with a pitch of from about 600 to about 2400 dpi (collectively hereinafter "the '951 CUSA Accused Products").

**ANSWER**: Defendants deny the allegations of paragraph 24.

25. Canon U.S.A. sells the '951 CUSA Accused Products to distributors, retailers and/or other customers throughout the United States, and actively markets and supports sales, including through its website. In some instances, '951 CUSA Accused Products are available for sale directly through Canon U.S.A.'s website.

**ANSWER:** Defendants admit that Canon USA sells certain of its inkjet printers, ink cartridges, and/or printheads in the United States, including selling to distributors, retailers and/or directly to customers. Defendants further admit that, in some instances, certain of Canon's products are available for sale directly through Canon USA's website (www.usa.canon.com). Defendants deny the remaining allegations of paragraph 25.

26. Notice of the factual basis of Plaintiff's allegations of infringement by the '951 CUSA Accused Products is provided in the claim charts attached as Exhibit E and Exhibit F. Exhibit E demonstrates how the '951 patent is infringed by reference to the Maxify GX6020, Maxify GX7020, Maxify iB4120, Maxify MB2720, Pixma G3260, Pixma G4210, and Pixma iP110 inkjet printers, as well as CL-211, CL-241, CL-244, PG-260, and CL-261 cartridges, which, on information and belief, are representative of the infringing aspects of at least the Maxify and Pixma inkjet printers and replacement cartridges identified in Paragraph 24. Exhibit F demonstrates how the '951 patent is infringed by reference to the PF-10 printhead, which, on information and belief, is representative of the infringing aspects of at least the imagePROGRAF inkjet printers identified in Paragraph 24.

**ANSWER**: Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '951 Patent before Slingshot filed the Complaint. Defendants admit that Exhibits E-F purport to provide claim charts but deny any allegations of infringement contained in those exhibits or elsewhere. Defendants deny any remaining allegations in paragraph 26.

27. Canon U.S.A., directly and/or through its subsidiaries, affiliates, agents, and/or business partners, is indirectly infringing the '951 patent, including at least claims 1–7 and 10,

pursuant to 35 U.S.C. § 271(b) by actively inducing acts of direct infringement performed by others. Canon U.S.A.'s customers directly infringe at least by using the '951 CUSA Accused Products. Canon U.S.A.'s retail partners, distributors, and resellers directly infringe at least by selling and offering for sale such products.

**ANSWER:** Defendants deny the allegations in paragraph 27.

28. Canon U.S.A. has actual notice of the '951 patent and the infringement alleged herein at least upon the service of this Complaint. On information and belief, Canon U.S.A. also has lawyers and other active agents who regularly review patents and published patent applications relevant to the technology in the field of the '951 patent. The timing, circumstances, and extent of Canon U.S.A. obtaining actual knowledge of the '951 patent prior to commencement of this lawsuit will be confirmed during discovery.

**ANSWER**: Defendants deny the allegations of paragraph 28 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '951 Patent before Slingshot filed the Complaint. Defendants deny the remaining allegations in paragraph 28.

29. Canon U.S.A. indirectly infringes the '951 patent by inducing third parties, including customers, to use the '951 CUSA Accused Products in their normal and customary way and for their intended purpose. On information and belief, Canon U.S.A. also induces its authorized distributors and resellers to engage in infringing acts of selling and offering for sale the '951 CUSA Accused Products. For example, Canon U.S.A. actively induces such third parties, including customers, distributors, and resellers, to infringe the '951 patent by, among other things: (i) offering for sale, selling, or otherwise providing the '951 CUSA Accused Products and components thereof to such third parties; (ii) enabling third parties to assemble, install, and use the products when such use infringes the '951 patent; (iii) providing technical support, specifications, user guides, manuals, technical information, and instructions for assembling, installing, and operating the '951 CUSA Accused Products in their customary way; (iv) advertising and promoting the '951 CUSA Accused Products, including assisting purchasers in locating local dealers for specific inkjet printer models, through its website and various promotional materials; and/or (v) providing ongoing warranties, support, maintenance, and registration to such third parties relating to the '951 CUSA Accused Products.

**ANSWER:** Defendants deny the allegations in paragraph 29.

30. Upon information and belief, Canon U.S.A. has known that its customers, distributors, and resellers have followed and/or used Canon U.S.A.'s support, instructions, user guides, and technical specifications and have used, offered to sell, or sold the '951 CUSA Accused Products within the United States. Canon U.S.A. directly benefits from and actively and

knowingly encourages customers', distributors' and resellers' use, sale, and/or offer for sale of the '951 CUSA Accused Products in the United States.

**ANSWER**: Defendants deny the allegations of paragraph 30 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 30.

31. Upon gaining knowledge of the '951 patent, it became apparent to Canon U.S.A. that the manufacture, sale, importing, offer for sale, or use of the '951 CUSA Accused Products infringes the '951 patent. On information and belief, Canon U.S.A. will continue to engage in activities constituting inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in infringement of the '951 patent.

**ANSWER:** Defendants deny the allegations in paragraph 31.

32. Canon U.S.A.'s direct infringement and/or inducement to infringe the '951 patent has injured and will continue to injure Slingshot. Slingshot is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER**: Defendants deny the allegations in paragraph 32.

**Defendant CSA's Infringement**

33. Defendant CSA directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '951 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, having made, using, selling, offering to sell, and/or importing inkjet printers and/or printheads that embody the inventions claimed in the '951 patent, in particular, at least claims 1–2 and 5–7, within the United States and within this District. CSA has been and is engaged in one or more of these direct infringing activities related to at least: (i) PF-10 printheads and inkjet printers utilizing PF-10 printheads, including imagePROGRAF PRO-1000, PRO-2000, PRO-2100, PRO-4000, PRO-4000S, PRO-4100, PRO-4100S, PRO-6000, PRO-6000S, PRO-6100, and PRO-6100S large format inkjet printers; and (ii) any other printhead (or product containing a printhead) having a semiconductor substrate containing a column of heater resistors spaced substantially the same distance from an edge of an ink feed slot and wherein the heater resistors in the column have an aspect ratio ranging from about 1.5:1 to about 6:1, a thick film layer attached to the substrate and forming ink feed chambers and channels for the heater resistors, and a nozzle plate attached to the thick film layer and containing nozzle holes spaced apart with a pitch of from about 600 to about 2400 dpi (collectively hereinafter "the '951 CSA Accused Products").

**ANSWER:** Defendants deny the allegations in paragraph 33.

34. CSA sells the '951 CSA Accused Products to distributors, retailers, and/or other customers throughout the United States, and actively markets and supports sales, including

through its website. In some instances, CSA's parent company, Canon U.S.A., identifies CSA as a dealer for the '951 CSA Accused Products.

**ANSWER**: Defendants admit that Canon Solutions sells certain of its inkjet printers, and/or printheads in the United States, including selling to distributors, retailers and/or directly to customers. Defendants admit that, in some instances, certain of Canon's products are available for sale directly through Canon Solutions' website (csa.canon.com). Defendants admit that sometimes Canon USA identifies Canon Solutions as a dealer for certain of its products. Defendants deny any remaining allegations in paragraph 34.

35. Notice of the factual basis of Plaintiff's allegations of infringement by the '951 CSA Accused Products is provided in the claim chart attached as Exhibit F. Exhibit F demonstrates how the '951 patent is infringed by reference to the PF-10 printhead, which, on information and belief, is representative of the infringing aspects of at least the imagePROGRAF inkjet printers identified in Paragraph 33.

**ANSWER:** Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '951 Patent before Slingshot filed the Complaint. Defendants admit that Exhibit F purports to provide a claim chart but deny any allegations of infringement contained in that exhibit or elsewhere. Defendants deny any remaining allegations in paragraph 35.

36. CSA, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, is also indirectly infringing the '951 patent, including at least claims 1–2 and 5–7 pursuant to 35 U.S.C. § 271(b) by actively inducing acts of direct infringement performed by others. CSA's customers directly infringe at least by using the '951 CSA Accused Products. CSA's distributors and resellers directly infringe at least by selling and offering for sale such products.

**ANSWER**: Defendants deny the allegations in paragraph 36.

37. CSA has actual notice of the '951 patent and the infringement alleged herein at least upon the service of this Complaint. On information and belief, CSA also has lawyers and other active agents who regularly review patents and published patent applications relevant to the technology in the field of the '951 patent. The timing, circumstances, and extent of CSA obtaining actual knowledge of the '951 patent prior to commencement of this lawsuit will be confirmed during discovery.

**ANSWER:** Defendants deny the allegations of paragraph 37 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '951 Patent before Slingshot filed the Complaint. Defendants deny the remaining allegations in paragraph 37.

38. CSA indirectly infringes the '951 patent by inducing third parties, including customers, to use the '951 CSA Accused Products in their normal and customary way and for their intended purpose. On information and belief, CSA also induces its authorized distributors and resellers to engage in infringing acts of selling and offering for sale the '951 CSA Accused Products. For example, CSA actively induces such third parties, including customers, distributors, and resellers, to infringe the '951 patent by, among other things: (i) offering for sale, selling, or otherwise providing the '951 CSA Accused Products and components thereof to such third parties; (ii) enabling third parties to assemble, install, and use the products when such use infringes the '951 patent; (iii) providing technical support, specifications, user guides, manuals, technical information, and instructions for assembling, installing, and operating the '951 CSA Accused Products in their customary way; (iv) advertising and promoting the '951 CSA Accused Products through its website and various promotional materials; and/or (v) providing ongoing warranties, support, maintenance, and registration to such third parties relating to the '951 CSA Accused Products.

**ANSWER**: Defendants deny the allegations in paragraph 38.

39. Upon information and belief, CSA has known that its customers, distributors, and resellers have followed and/or used CSA's support, instructions, user guides, and technical specifications and have used, offered to sell, or sold the '951 CSA Accused Products within the United States. CSA directly benefits from and actively and knowingly encourages customers', distributors', and resellers' use, sale, and/or offer for sale of the '951 CSA Accused Products in the United States.

**ANSWER:** Defendants deny the allegations of paragraph 39 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 39.

40. Upon gaining knowledge of the '951 patent, it became apparent to CSA that the manufacture, sale, importing, offer for sale, or use of the '951 CSA Accused Products infringes the '951 patent. On information and belief, CSA will continue to engage in activities constituting inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in infringement of the '951 patent.

**ANSWER**: Defendants deny the allegations in paragraph 40.

41. CSA's direct infringement and/or inducement to infringe the '951 patent has injured and will continue to injure Slingshot. Slingshot is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Defendants deny the allegations in paragraph 41.

## DEFENDANTS' RESPONSES TO SECOND CAUSE OF ACTION – INFRINGEMENT OF THE '341 PATENT

42. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 22, as if fully set forth herein.

**ANSWER**: Defendants incorporate by reference their answers to the allegations of paragraphs 1-22 as if fully set forth herein.

### Defendant Canon U.S.A.'s Infringement

43. Defendant Canon U.S.A., directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '341 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, having made, using, selling, offering to sell, and/or importing inkjet printers, ink cartridges, and/or printheads that embody the inventions claimed in the '341 patent, in particular, at least claims 1–5 and 8, within the United States and within this District. Canon U.S.A. has been and is engaged in one or more of these direct infringing activities related to its inkjet printers, ink cartridges, and/or printheads, including at least: (i) Maxify GX6020, Maxify GX7020, Maxify iB4020, Maxify iB4120, Maxify iX6820, Maxify MB2020, Maxify MB2120, Maxify MB2320, Maxify MB2720, Maxify MB5020, Maxify MB5120, Maxify MB5320, Maxify MB5420, Pixma Pro-200, Pixma G1200, Pixma G1220, Pixma G2200, Pixma G2260, Pixma G3200, Pixma G3202, Pixma G3260, Pixma G4210, Pixma G5020, Pixma G6020, Pixma G7020, Pixma MG2120, Pixma MG2220, Pixma MG2420, Pixma MG2522, Pixma MG2525, Pixma MG2920, Pixma MG2922, Pixma MG2924, Pixma MG3020, Pixma MG3022, Pixma MG3120, Pixma MG3122, Pixma MG3220, Pixma MG3222, Pixma MG3520, Pixma MG3522, Pixma MG3620, Pixma MG4120, Pixma MG4220, Pixma MX320, Pixma MX330, Pixma MX340, Pixma MX350, Pixma MX360, Pixma MX372, Pixma MX392, Pixma MX410, Pixma MX420, Pixma MX432, Pixma MX439, Pixma MX452, Pixma MX459, Pixma MX472, Pixma MX479, Pixma MX490, Pixma MX492, Pixma MX512, Pixma MX522, Pixma MX532, Pixma TR4520, Pixma TR4522, Pixma TR7020, Pixma TR7022, Pixma TS202, Pixma TS302, Pixma TS3120, Pixma TS3122, Pixma TS3320, Pixma TS3322, Pixma TS5120, Pixma TS5320, Pixma TS6420, Pixma TS8020, Pixma TS8120, Pixma TS8220, Pixma TS8320, Pixma TS8322, Pixma TS9020, Pixma TS9120, Pixma iP100, Pixma iP110, Pixma iP2700, Pixma iP2702, and Pixma iP2820 inkjet printers; (ii) CL-211, CL-211XL, CL-241, CL-241XL, CL-244, CL-244XL, CL-246, CL-246XL, CL-261, CL-261XL, PG-210, PG-210XL, PG-240, PG-240XL, PG-243, PG-243XL, PG-245, PG-245XL, PG-260, and PG-260XL ink cartridges and Maxify and/or Pixma printers utilizing such cartridges; (iii) inkjet printers and/or ink cartridges utilizing one or more

printheads containing a die with part number KF6-4694, LQ400A, LQ400A-23, LQ4220, LQ4290, LQ4300, LQ4350, LQ4390, LQ4400, LQ4460, LQ4490, LQ4490-H, LQ4540, LQ4550, LQ4550A, LQ4590, LQ4630, LQ4640, LQ4650, LQ4670, LQ4750, LQ4760, LQ4770, LQ4780, LQ4780-13, LQ4490, or LQ4770-12-F2; (iv) PF-06 and PF-10 printheads and inkjet printers utilizing PF-06 or PF-10 printheads, including imagePROGRAF PRO-1000, PRO-2000, PRO-2100, PRO-4000, PRO-4000S, PRO-4100, PRO-4100S, PRO-6000, PRO-6000S, PRO-6100, PRO-6100S, TA-20, TA-30, TM200, TM300, TM305, TX3000, TX4000, TX4100, and TZ-30000 large format inkjet printers; and (v) any other printhead (or product containing a printhead) including a column of power transistors connected to an adjacent column of corresponding ejection actuators through a first metal conductive layer and to an adjacent column of corresponding logic transistors through a polysilicon conductor layer, wherein at least one power conductor for the ejection actuators is in a second metal layer and overlaps at least some power transistors, and at least one ground conductor connected to the ejection actuators is in the second metal layer and overlaps at least some logic transistors (collectively hereinafter "the '341 CUSA Accused Products").

**ANSWER:** Defendants deny the allegations of paragraph 43.

44. Canon U.S.A. sells the '341 CUSA Accused Products to distributors, retailers and/or other customers throughout the United States, and actively markets and supports sales, including through its website. In some instances, the '341 CUSA Accused Products are available for sale directly through Canon U.S.A.'s website.

**ANSWER**: Defendants admit that Canon USA sells certain of its inkjet printers, ink cartridges, and/or printheads in the United States, including selling to distributors, retailers and/or directly to customers. Defendants admit that, in some instances, certain of Canon's products are available for sale directly through Canon USA's website (www.usa.canon.com). Defendants deny the remaining allegations of paragraph 44.

45. Notice of the factual basis of Plaintiff's allegations of infringement by the '341 CUSA Accused Products is provided in the claim charts attached as Exhibit G and Exhibit H. Exhibit G demonstrates how the '341 patent is infringed by reference to the Maxify MB2720, Maxify GX6020, Maxify GX7020, Maxify iB4120, Maxify iX6820, Pixma Pro-200, Pixma TR7020, and Pixma TS6420 using cartridges PG-260 and CL-261; Pixma MG2525 and TR4520 using cartridges PG-243 or 245 and CL-244 or 246; Pixma G3260, Pixma G4210, and Pixma TS8220 ink jet printers, as well as cartridges PG-210 CL-211, PG-240, and CLI-241 (LQ4300), which, on information and belief, are representative of the infringing aspects of at least the Maxify and Pixma inkjet printers and replacement cartridges identified in Paragraph 43. Exhibit H demonstrates how the '341 patent is infringed by reference to the PF-06 and PF-10 printheads, which, on information and belief, are representative of the infringing aspects of at least the imagePROGRAF inkjet printers identified in Paragraph 43.

**<u>ANSWER</u>:** Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '341 Patent before Slingshot filed the Complaint. Defendants admit that Exhibits G-H purport to provide claim charts but deny any allegations of infringement contained in those exhibits or elsewhere. Defendants deny any remaining allegations in paragraph 45.

46. Canon U.S.A., directly and/or through its subsidiaries, affiliates, agents, and/or business partners, is also indirectly infringing the '341 patent, including at least claims 1–5 and 8, pursuant to 35 U.S.C. § 271(b) by actively inducing acts of direct infringement performed by others. Canon U.S.A.'s customers directly infringe at least by using the '341 CUSA Accused Products. Canon U.S.A.'s retail partners, distributors, and resellers directly infringe at least by selling and offering for sale such products.

**ANSWER**: Defendants deny the allegations in paragraph 46.

47. Canon U.S.A. has actual notice of the '341 patent and the infringement alleged herein at least upon the service of this Complaint. On information and belief, Canon U.S.A. also has lawyers and other active agents who regularly review patents and published patent applications relevant to the technology in the field of the '341 patent. The timing, circumstances, and extent of Canon U.S.A. obtaining actual knowledge of the '341 patent prior to commencement of this lawsuit will be confirmed during discovery.

**<u>ANSWER</u>:** Defendants deny the allegations of paragraph 47 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '341 Patent before Slingshot filed the Complaint. Defendants deny the remaining allegations in paragraph 47.

48. Canon U.S.A. indirectly infringes the '341 patent by inducing third parties, including customers, to use the '341 CUSA Accused Products in their normal and customary way and for their intended purpose. On information and belief, Canon U.S.A. also induces its authorized distributors and resellers to engage in infringing acts of selling and offering for sale the '341 CUSA Accused Products. For example, Canon U.S.A. actively induces such third parties, including customers, distributors, and resellers, to infringe the '341 patent by, among other things: (i) offering for sale, selling, or otherwise providing the '341 CUSA Accused Products and components thereof to such third parties; (ii) enabling third parties to assemble, install, and use the products when such use infringes the '341 patent; (iii) providing technical support, specifications, user guides, manuals, technical information, and instructions for assembling, installing, and operating the '341 CUSA Accused Products in their customary way;

(iv) advertising and promoting the '341 CUSA Accused Products, including assisting purchasers in locating local dealers for specific inkjet printer models, through its website and various promotional materials; and/or (v) providing ongoing warranties, support, maintenance, and registration to such third parties relating to the '341 CUSA Accused Products.

**ANSWER**: Defendants deny the allegations in paragraph 48.

49. Upon information and belief, Canon U.S.A. has known that its customers, distributors, and resellers have followed and/or used Canon U.S.A.'s support, instructions, user guides, and technical specifications and have used, offered to sell, or sold the '341 CUSA Accused Products within the United States. Canon U.S.A. directly benefits from and actively and knowingly encourages customers', distributors', and resellers' use, sale, and/or offer for sale of the '341 CUSA Accused Products in the United States.

**ANSWER:** Defendants deny the allegations of paragraph 49 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49.

50. Upon gaining knowledge of the '341 patent, it became apparent to Canon U.S.A. that the manufacture, sale, importing, offer for sale, or use of the '341 CUSA Accused Products infringes the '341 patent. On information and belief, Canon U.S.A. will continue to engage in activities constituting inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in infringement of the '341 patent.

**ANSWER**: Defendants deny the allegations in paragraph 50.

51. Canon U.S.A.'s direct infringement and/or inducement to infringe the '341 patent has injured and will continue to injure Slingshot. Slingshot is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Defendants deny the allegations in paragraph 51.

**Defendant CSA's Infringement**

52. Defendant CSA directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '341 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, having made, using, selling, offering to sell, and/or importing inkjet printers and/or printheads that embody the inventions claimed in the '341 patent, in particular, at least claims 1–5 and 8, within the United States and within this District. CSA has been and is engaged in one or more of these direct infringing activities related to at least: (i) PF-06 or PF-10 printheads and inkjet printers utilizing PF-06 or PF-10 printheads, including imagePROGRAF PRO-1000, PRO-2000, PRO-2100; PRO-4000, PRO-4000S, PRO-4100, PRO-4100S, PRO-6000, PRO-6000S PRO-6100, PRO-6100S, TA-20, TA-30, TM200, TM300, TM305, TX3000, TX4000, TX4100, and TZ-30000

large format inkjet printers; and (ii) any other printhead (or product containing a printhead) including a column of power transistors connected to an adjacent column of corresponding ejection actuators through a first metal conductive layer and to an adjacent column of corresponding logic transistors through a polysilicon conductor layer, wherein at least one power conductor for the ejection actuators is in a second metal layer and overlaps at least some power transistors, and at least one ground conductor connected to the ejection actuators is in the second metal layer and overlaps at least some logic transistors (collectively hereinafter "the '341 CSA Accused Products").

**ANSWER**: Defendants deny the allegations in paragraph 52.

53. CSA sells the '341 CSA Accused Products to distributors, retailers and/or other customers throughout the United States, and actively markets and supports sales, including through its website. In some instances, CSA's parent company, Canon U.S.A., identifies CSA as a dealer for the '341 CSA Accused Products.

**ANSWER:** Defendants admit that Canon Solutions sells certain of its inkjet printers, and/or printheads in the United States, including selling to distributors, retailers and/or directly to customers. Defendants admit that, in some instances, certain of Canon's products are available for sale directly through Canon Solutions's website (csa.canon.com). Defendants admit that sometimes Canon USA identifies Canon Solutions as a dealer for certain of its products. Defendants deny any remaining allegations in paragraph 53.

54. Notice of the factual basis of Plaintiff's allegations of infringement by the '341 CSA Accused Products is provided in the claim chart attached as Exhibit H. Exhibit H demonstrates how the '341 patent is infringed by reference to the PF-06 and PF-10 printheads, which, on information and belief, are representative of the infringing aspects of at least the imagePROGRAF inkjet printers identified in Paragraph 52.

**ANSWER**: Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '341 Patent before Slingshot filed the Complaint. Defendants admit that Exhibit H purports to provide a claim chart but deny any allegations of infringement contained in that exhibit or elsewhere. Defendants deny any remaining allegations in paragraph 54.

55. CSA, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, is also indirectly infringing the '341 patent, including at least claims 1–5 and 8, pursuant to 35 U.S.C. § 271(b) by actively inducing acts of direct infringement performed by

others. CSA's customers directly infringe at least by using the '341 CSA Accused Products. CSA's distributors and resellers directly infringe at least by selling and offering for sale such products.

**ANSWER:** Defendants deny the allegations in paragraph 55.

56. CSA has actual notice of the '341 patent and the infringement alleged herein at least upon the service of this Complaint. On information and belief, CSA also has lawyers and other active agents who regularly review patents and published patent applications relevant to the technology in the field of the '341 patent. The timing, circumstances, and extent of CSA obtaining actual knowledge of the '341 patent prior to commencement of this lawsuit will be confirmed during discovery.

**ANSWER**: Defendants deny the allegations of paragraph 56 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '341 Patent before Slingshot filed the Complaint. Defendants deny the remaining allegations in paragraph 56.

57. CSA indirectly infringes the '341 patent by inducing third parties, including customers, to use the '341 CSA Accused Products in their normal and customary way and for their intended purpose. On information and belief, CSA also induces its authorized distributors and resellers to engage in infringing acts of selling and offering for sale the '341 CSA Accused Products. For example, CSA actively induces such third parties, including customers, distributors and resellers, to infringe the '341 patent by, among other things: (i) offering for sale, selling, or otherwise providing the '341 CSA Accused Products and components thereof to such third parties; (ii) enabling third parties to assemble, install, and use the products when such use infringes the '341 patent; (iii) providing technical support, specifications, user guides, manuals, technical information, and instructions for assembling, installing, and operating the '341 CSA Accused Products in their customary way; (iv) advertising and promoting the '341 CSA Accused Products through its website and various promotional materials; and/or (v) providing ongoing warranties, support, maintenance, and registration to such third parties relating to the '341 CSA Accused Products.

**ANSWER:** Defendants deny the allegations in paragraph 57.

58. Upon information and belief, CSA has known that its customers, distributors, and resellers have followed and/or used CSA's support, instructions, user guides, and technical specifications and have used, offered to sell, or sold the '341 CSA Accused Products within the United States. CSA directly benefits from and actively and knowingly encourages customers', distributors', and resellers' use, sale, and/or offer for sale of products that infringe the '341 patent in the United States.

**ANSWER**: Defendants deny the allegations of paragraph 58 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 58.

59. Upon gaining knowledge of the ’341 patent, it became apparent to CSA that the manufacture, sale, importing, offer for sale, or use of the ’341 CSA Accused Products infringes the ’341 patent. On information and belief, CSA will continue to engage in activities constituting inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in infringement of the ’341 patent.

**ANSWER:** Defendants deny the allegations in paragraph 59.

60. CSA’s direct infringement and/or inducement to infringe the ’341 patent has injured and will continue to injure Slingshot. Slingshot is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER**: Defendants deny the allegations in paragraph 60.

## DEFENDANTS’ RESPONSES TO THIRD CAUSE OF ACTION – INFRINGEMENT OF THE ‘629 PATENT

61. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 22, as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their answers to the allegations of paragraphs 1-22 as if fully set forth herein.

### Canon U.S.A.’s Infringement

62. Defendant Canon U.S.A., directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the ’629 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, having made, using, selling, offering to sell, and/or importing inkjet printers, ink cartridges, and/or printheads that embody the inventions claimed in the ’629 patent, in particular, at least claims 1–3, 8, and 13, within the United States and within this District. Canon U.S.A. has been and is engaged in one or more of these direct infringing activities related to its ink jet printers, ink cartridges, and/or printheads, including at least: (i) Maxify GX6020, Maxify GX7020, Maxify iB4020, Maxify iB4120, Maxify iX6820, Maxify MB2020, Maxify MB2120, Maxify MB2320, Maxify MB2720, Maxify MB5020, Maxify MB5120, Maxify MB5320, Maxify MB5420, Pixma Pro-200, Pixma G1200, Pixma G1220, Pixma G2200, Pixma G2260, Pixma G3200, Pixma G3202, Pixma G3260, Pixma G4210, Pixma G5020, Pixma G6020, Pixma G7020, Pixma MG2120, Pixma MG2220, Pixma MG2420, Pixma MG2522, Pixma MG2525, Pixma MG2920, Pixma MG2922, Pixma MG2924, Pixma MG3020, Pixma MG3022, Pixma

MG3120, Pixma MG3122, Pixma MG3220, Pixma MG3222, Pixma MG3520, Pixma MG3522, Pixma MG3620, Pixma MG4120, Pixma MG4220, Pixma MX320, Pixma MX330, Pixma MX340, Pixma MX350, Pixma MX360, Pixma MX372, Pixma MX392, Pixma MX410, Pixma MX420, Pixma MX432, Pixma MX439, Pixma MX452, Pixma MX459, Pixma MX472, Pixma MX479, Pixma MX490, Pixma MX492, Pixma MX512, Pixma MX522, Pixma MX532, Pixma TR4520, Pixma TR4522, Pixma TR7020, Pixma TR7022, Pixma TS202, Pixma TS302, Pixma TS3120, Pixma TS3122, Pixma TS3320, Pixma TS3322, Pixma TS5120, Pixma TS5320, Pixma TS6420, Pixma TS8020, Pixma TS8120, Pixma TS8220, Pixma TS8320, Pixma TS8322, Pixma TS9020, Pixma TS9120, Pixma iP100, Pixma iP110, Pixma iP2700, Pixma iP2702, and Pixma iP2820 inkjet printers; (ii) CL-211, CL-211XL, CL-241, CL-241XL, CL-244, CL-244XL, CL-246, CL-246XL, CL-261, CL-261XL, PG-210, PG-240, PG-240XL, PG-243, PG-243-XL, PG-245, PG-245XL, PG-260, and PG-260XL ink cartridges and Maxify and/or Pixma printers utilizing such cartridges; (iii) inkjet printers and/or ink cartridges utilizing one or more printheads containing a die with part number LQ4220, LQ4300, LQ4350, LQ4390, LQ400A, LQ400A-23, LQ4550, LQ4550A, LQ4590, LQ4640, LQ4670, LQ4760, LQ4780, and LQ4780-13; (iv) PF-06 and PF-10 printheads and inkjet printers utilizing PF-06 or PF-10 printheads, including imagePROGRAF PRO-1000, PRO-2000, PRO-2100, PRO-4000, PRO-4000S, PRO-4100, PRO-4100S, PRO-6000, PRO-6000S PRO-6100, PRO-6100S, TA-20, TA-30, TM200, TM300, TM305, TX3000, TX4000, TX4100, and TZ-30000 large format inkjet printers; and (v) any other printhead (or product containing a printhead) having a first group of heater resistors along the right side of a first ink slot (via) and a second group of heater resistors along the left side of a second ink slot (via), and two staggered groups of logic cells arranged between and substantially parallel to the first and second groups of heater resistors, wherein one group of logic cells controls the first group of heater resistors and the other group of logic cells controls the second group of heater resistors (collectively hereinafter "the '629 CUSA Accused Products").

**ANSWER**: Defendants deny the allegations of paragraph 62.

63. Canon U.S.A. sells the '629 CUSA Accused Products to distributors, retailers and/or other customers throughout the United States, and actively markets and supports sales, including through its website. In some instances, '629 CUSA Accused Products are available for sale directly through Canon U.S.A.'s website.

**ANSWER:** Defendants admit that Canon USA sells certain of its inkjet printers, ink cartridges, and/or printheads in the United States, including selling to distributors, retailers and/or directly to customers. Defendants admit that, in some instances, certain of Canon's products are available for sale directly through Canon USA's website (www.usa.canon.com). Defendants deny any remaining allegations of paragraph 63.

64. Notice of the factual basis of Plaintiff's allegations of infringement by the '629 CUSA Accused Products is provided in the claim charts attached as Exhibit I and Exhibit J. Exhibit I demonstrates how the '629 patent is infringed by reference to the Maxify GX6020,

Maxify GX7020, Maxify iB4120, Maxify MB2720, Maxify iX6820, Pixma Pro-200, Pixma G3260, Pixma G4210, Pixma iP110, and Pixma TS8220 inkjet printers, as well as cartridges CL-211, CLI-241, CL-244/246, and CL-261, which, on information and belief, are representative of the infringing aspects of at least the Maxify and Pixma inkjet printers and replacement cartridges identified in Paragraph 62. Exhibit J demonstrates how the ’629 patent is infringed by reference to the PF-06 and PF-10 printheads, which, on information and belief, are representative of the infringing aspects of at least the imagePROGRAF inkjet printers identified in Paragraph 62.

**ANSWER**: Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the ‘629 Patent before Slingshot filed the Complaint. Defendants admit that Exhibits I-J purport to provide claim charts but deny any allegations of infringement contained in those exhibits or elsewhere. Defendants deny any remaining allegations in paragraph 64.

65. Canon U.S.A., directly and/or through its subsidiaries, affiliates, agents, and/or business partners, is also indirectly infringing the ’629 patent, including at least claims 1–3, 8, and 13, pursuant to 35 U.S.C. § 271(b) by actively inducing acts of direct infringement performed by others. Canon U.S.A.’s customers directly infringe at least by using the ’629 CUSA Accused Products. Canon U.S.A.’s retail partners, distributors, and resellers directly infringe at least by selling and offering for sale such products.

**ANSWER:** Defendants deny the allegations in paragraph 65.

66. Canon U.S.A. has actual notice of the ’629 patent and the infringement alleged herein at least upon the service of this Complaint. On information and belief, Canon U.S.A. also has lawyers and other active agents who regularly review patents and published patent applications relevant to the technology in the field of the ’629 patent. The timing, circumstances, and extent of Canon U.S.A. obtaining actual knowledge of the ’629 patent prior to commencement of this lawsuit will be confirmed during discovery.

**ANSWER**: Defendants deny the allegations of paragraph 66 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the ‘629 Patent before Slingshot filed the Complaint. Defendants deny the remaining allegations in paragraph 66.

67. Canon U.S.A. indirectly infringes the ’629 patent by inducing third parties, including customers, to use the ’629 CUSA Accused Products in their normal and customary way and for their intended purpose. On information and belief, Canon U.S.A. also induces its

authorized distributors and resellers to engage in infringing acts of selling and offering for sale the ’629 CUSA Accused Products. For example, Canon U.S.A. actively induces such third parties, including customers, distributors, and resellers, to infringe the ’629 patent by, among other things: (i) offering for sale, selling, or otherwise providing the ’629 CUSA Accused Products and components thereof to such third parties; (ii) enabling third parties to assemble, install, and use the products when such use infringes the ’629 patent; (iii) providing technical support, specifications, user guides, manuals, technical information, and instructions for assembling, installing, and operating the ’629 CUSA Accused Products in their customary way; (iv) advertising and promoting the ’629 CUSA Accused Products, including assisting purchasers in locating local dealers for specific inkjet printer models, through its website and various promotional materials; and/or (v) providing ongoing warranties, support, maintenance, and registration to such third parties relating to the ’629 CUSA Accused Products.

**ANSWER:** Defendants deny the allegations in paragraph 67.

68. Upon information and belief, Canon U.S.A. has known that its customers, distributors, and resellers have followed and/or used Canon U.S.A.’s support, instructions, user guides, and technical specifications and have used, offered to sell, or sold the ’629 CUSA Accused Products within the United States. Canon U.S.A. directly benefits from and actively and knowingly encourages customers’, distributors’, and resellers’ use, sale, and/or offer for sale of the ’629 CUSA Accused Products in the United States.

**ANSWER**: Defendants deny the allegations of paragraph 68 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 68.

69. Upon gaining knowledge of the ’629 patent, it became apparent to Canon U.S.A. that the manufacture, sale, importing, offer for sale, or use of the ’629 CUSA Accused Products infringes the ’629 patent. On information and belief, Canon U.S.A. will continue to engage in activities constituting inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in infringement of the ’629 patent.

**ANSWER:** Defendants deny the allegations in paragraph 69.

70. Canon U.S.A.’s direct infringement and/or inducement to infringe the ’629 patent has injured and will continue to injure Slingshot. Slingshot is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER**: Defendants deny the allegations in paragraph 70.

**Defendant CSA’s Infringement**

71. Defendant CSA directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the ’629 patent pursuant to 35

U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, having made, using, selling, offering to sell, and/or importing inkjet printers and/or printheads that embody the inventions claimed in the ’629 patent, in particular, at least claims 1–3, 8, and 13, within the United States and within this District. CSA has been and is engaged in one or more of these direct infringing activities related to at least (i) PF-06 and PF-10 printheads and printers utilizing PF-06 or PF-10 printheads, including imagePROGRAF PRO-1000, PRO-2000, PRO-2100, PRO-4000, PRO-4000S, PRO-4100, PRO-4100S, PRO-6000, PRO-6000S, PRO-6100, PRO-6100S, TA-20, TA-30, TM200, TM300, TM305, TX3000, TX4000, TX4100, and TZ-30000 large format inkjet printers; (ii) any other printhead (or product containing a printhead) having a first group of heater resistors along the right side of a first ink slot (via) and a second group of heater resistors along the left side of a second ink slot (via), and two staggered groups of logic cells arranged between and substantially parallel to the first and second groups of heater resistors, wherein one group of logic cells controls the first group of heater resistors and the other group of logic cells controls the second group of heater resistors (collectively hereinafter “the ’629 CSA Accused Products”).

**ANSWER:** Defendants deny the allegations in paragraph 71.

72. CSA sells the ’629 CSA Accused Products to distributors, retailers and/or other customers throughout the United States, and actively markets and supports sales, including through its website. In some instances, CSA’s parent company, Canon U.S.A., identifies CSA as a dealer for the ’629 CSA Accused Products.

**ANSWER**: Defendants admit that Canon Solutions sells certain of its inkjet printers, and/or printheads in the United States, including selling to distributors, retailers and/or directly to customers. Defendants admit that, in some instances, certain of Canon’s products are available for sale directly through Canon Solutions’ website (csa.canon.com). Defendants admit that sometimes Canon U.S.A., Inc. identifies Canon Solutions, America, Inc. as a dealer for certain of its products. Defendants deny any remaining allegations in paragraph 72.

73. Notice of the factual basis of Plaintiff’s allegations of infringement by the ’629 CSA Accused Products is provided in the claim chart attached as Exhibit J. Exhibit J demonstrates how the ’629 patent is infringed by reference to the PF-06 and PF-10 printheads, which, on information and belief, are representative of the infringing aspects of at least the imagePROGRAF inkjet printers identified in Paragraph 71.

**ANSWER:** Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the ‘629 Patent before Slingshot filed the Complaint. Defendants admit that Exhibit J purports to provide a claim chart but deny any allegations of infringement

contained in that exhibit or elsewhere. Defendants deny any remaining allegations in paragraph 73.

74. CSA, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, is also indirectly infringing the ’629 patent, including at least claims 1–3, 8, and 13, pursuant to 35 U.S.C. § 271(b) by actively inducing acts of direct infringement performed by others. CSA’s customers directly infringe at least by using the ’629 CSA Accused Products. CSA’s distributors and resellers directly infringe at least by selling and offering for sale such products.

**ANSWER**: Defendants deny the allegations in paragraph 74.

75. CSA has actual notice of the ’629 patent and the infringement alleged herein at least upon the service of this Complaint. On information and belief, CSA also has lawyers and other active agents who regularly review patents and published patent applications relevant to the technology in the field of the ’629 patent. The timing, circumstances, and extent of CSA obtaining actual knowledge of the ’629 patent prior to commencement of this lawsuit will be confirmed during discovery.

**ANSWER:** Defendants deny the allegations of paragraph 75 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the ‘629 Patent before Slingshot filed the Complaint. Defendants deny the remaining allegations in paragraph 75.

76. CSA indirectly infringes the ’629 patent by inducing third parties, including customers, to use the ’629 CSA Accused Products in their normal and customary way and for their intended purpose. On information and belief, CSA also induces its authorized distributors and resellers to engage in infringing acts of selling and offering for sale the ’629 CSA Accused Products. For example, CSA actively induces such third parties, including customers, distributors, and resellers, to infringe the ’629 patent by, among other things: (i) offering for sale, selling, or otherwise providing the ’629 CSA Accused Products and components thereof to such third parties; (ii) enabling third parties to assemble, install, and use the products when such use infringes the ’629 patent; (iii) providing technical support, specifications, user guides, manuals, technical information, and instructions for assembling, installing, and operating the ’629 CSA Accused Products in their customary way; (iv) advertising and promoting the ’629 CSA Accused Products through its website and various promotional materials; and/or (v) providing ongoing warranties, support, maintenance, and registration to such third parties relating to the ’629 CSA Accused Products.

**ANSWER**: Defendants deny the allegations in paragraph 76.

77. Upon information and belief, CSA has known that its customers, distributors, and resellers have followed and/or used CSA's support, instructions, user guides, and technical specifications and have used, offered to sell, or sold the '629 CSA Accused Products within the United States. CSA directly benefits from and actively and knowingly encourages customers', distributors', and resellers' use, sale, and/or offer for sale of products that infringe the '629 patent in the United States.

**ANSWER:** Defendants deny the allegations of paragraph 77 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 77.

78. Upon gaining knowledge of the '629 patent, it became apparent to CSA that the manufacture, sale, importing, offer for sale, or use of the '629 CSA Accused Products infringes the '629 patent. On information and belief, CSA will continue to engage in activities constituting inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in infringement of the '629 patent.

**ANSWER**: Defendants deny the allegations in paragraph 78.

79. CSA's direct infringement and/or inducement to infringe the '629 patent has injured and will continue to injure Slingshot. Slingshot is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Defendants deny the allegations in paragraph 79.

**DEFENDANTS' RESPONSES TO FOURTH CAUSE OF ACTION – INFRINGEMENT OF THE '523 PATENT**

80. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 22, as if fully set forth herein.

**ANSWER**: Defendants incorporate by reference their answers to the allegations of paragraphs 1-22 as if fully set forth herein.

81. Defendant Canon U.S.A., directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the '523 patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, having made, using, selling, offering to sell, and/or importing ink cartridges and inkjet printers that embody the inventions claimed in the '523 patent, in particular, at least claims 1–3, 5–7, 10–12, and 14–16, within the United States and within this District. Canon U.S.A. has been and is engaged in one or more of these direct infringing activities related to its inkjet printers and ink cartridges, including at least: (i) BCI-3e, BCI-6, CL-211, CL-211XL, CL-241, CL-241XL, CL-244XL, CL-246, CL-246XL, CL-261, CL-261XL, CLI-36, CLI-65, CLI-221, CLI-226, PG-240,

PG-240XL, PG-260, PG-260XL, PGI-220, and PGI-35 ink cartridges and Maxify and/or Pixma printers utilizing such cartridges; and (ii) any other ink cartridge (or printer utilizing such ink cartridge) that has an internal conduit between the ink ejection end and the cover of the cartridge for permitting air near the exit end to flow through the conduit and to be released to the atmosphere through a vent in the cover (collectively hereinafter "the '523 CUSA Accused Products").

**ANSWER:** Defendants deny the allegations in paragraph 81.

82. Canon U.S.A. sells the '523 CUSA Accused Products to distributors, retailers and/or other customers throughout the United States, and actively markets and supports sales, including through its website. Canon U.S.A. also sells inkjet printers that are compatible with '523 CUSA Accused Products and require '523 CUSA Accused Products to function.

**ANSWER**: Defendants admit that Canon USA sells certain of its inkjet printers, ink cartridges, and/or printheads in the United States, including selling to distributors, retailers and/or directly to customers. Defendants admit that, in some instances, certain of Canon's products are available for sale directly through Canon USA's website (www.usa.canon.com). Defendants deny any remaining allegations of paragraph 82.

83. Notice of the factual basis of Plaintiff's allegations of infringement by the '523 CUSA Accused Products is provided in the claim charts attached as Exhibit K and Exhibit L. Exhibit K demonstrates how the '523 patent is infringed by reference to the CLI-65, BCI-6, CLI-226, PGI-220, and CLI-221 ink cartridges. Exhibit L demonstrates how the '523 patent is infringed by reference to the CLI-244, CL-211, CL-241, CL-246, CL-261, PGI-35, and CLI-36 ink cartridges. On information and belief, the infringing aspects of each ink cartridge identified in Paragraph 81 are represented by one or more of the cartridges addressed in Exhibits K and L.

**ANSWER:** Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the '523 Patent before Slingshot filed the Complaint. Defendants admit that Exhibits K-L purport to provide claim charts but deny any allegations of infringement contained in those exhibits or elsewhere. Defendants deny any remaining allegations in paragraph 83.

84. Canon U.S.A., directly and/or through its subsidiaries, affiliates, agents, and/or business partners, is also indirectly infringing the '523 patent, including at least claims 1–3, 5–7, 10–12, and 14–16, pursuant to 35 U.S.C. § 271(b) by actively inducing acts of direct infringement performed by others. Canon U.S.A.'s customers directly infringe at least by using

the ’523 Accused Products. Canon U.S.A.’s retail partners, distributors, and resellers directly infringe at least by selling and offering for sale such products.

**ANSWER**: Defendants deny the allegations in paragraph 84.

85. Canon U.S.A. has actual notice of the ’523 patent and the infringement alleged herein at least upon the service of this Complaint. On information and belief, Canon U.S.A. also has lawyers and other active agents who regularly review patents and published patent applications relevant to the technology in the field of the ’523 patent. The timing, circumstances, and extent of Canon U.S.A. obtaining actual knowledge of the ’523 patent prior to commencement of this lawsuit will be confirmed during discovery.

**ANSWER:** Defendants deny the allegations of paragraph 85 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants admit that they did not receive notice from Slingshot of any alleged infringement of the ‘523 Patent before Slingshot filed the Complaint. Defendants deny the remaining allegations in paragraph 85.

86. Canon U.S.A. indirectly infringes the ’523 patent by inducing third parties, including customers, to use the ’523 CUSA Accused Products in their normal and customary way and for their intended purpose. On information and belief, Canon U.S.A. also induces its authorized distributors and resellers to engage in infringing acts of selling and offering for sale the ’523 CUSA Accused Products. For example, Canon U.S.A. actively induces such third parties, including customers, distributors, and resellers, to infringe the ’523 patent by, among other things: (i) offering for sale, selling, or otherwise providing the ’523 CUSA Accused Products and components thereof to such third parties; (ii) enabling third parties to assemble, install, and use the products when such use infringes the ’523 patent; (iii) providing technical support, specifications, user guides, manuals, technical information, and instructions for assembling, installing, and operating the ’523 CUSA Accused Products in their customary way; (iv) advertising and promoting the ’523 CUSA Accused Products, including assisting purchasers in locating local dealers for specific inkjet printer models, through its website and various promotional materials; and/or (v) providing ongoing warranties, support, maintenance, and registration to such third parties relating to the ’523 CUSA Accused Products.

**ANSWER**: Defendants deny the allegations in paragraph 86.

87. Upon information and belief, Canon U.S.A. has known that its customers, distributors, and resellers have followed and/or used Canon U.S.A.’s support, instructions, user guides, and technical specifications and have used, offered to sell, or sold the ’523 CUSA Accused Products within the United States. Canon U.S.A. directly benefits from and actively and knowingly encourages customers’, distributors’, and resellers’ use, sale, and/or offer for sale of the ’523 CUSA Accused Products in the United States.

**ANSWER:** Defendants deny the allegations of paragraph 87 insofar as they contain opinions and legal arguments rather than factual assertions and, thus, no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 87.

88. Upon gaining knowledge of the ’523 patent, it became apparent to Canon U.S.A. that the manufacture, sale, importing, offer for sale, or use of the ’523 CUSA Accused Products infringes the ’523 patent. On information and belief, Canon U.S.A. will continue to engage in activities constituting inducement of infringement, and with the actual intent to cause the acts that it knows or should know would induce direct infringement and/or willful blindness of a high probability that the activities result in infringement of the ’523 patent.

**ANSWER**: Defendants deny the allegations in paragraph 88

89. Canon U.S.A.’s direct infringement and/or inducement to infringe the ’523 patent has injured and will continue to injure Slingshot. Slingshot is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

**ANSWER:** Defendants deny the allegations in paragraph 89.

## GENERAL DENIAL

Except as expressly admitted in the preceding paragraphs above, Defendants deny each and every allegation in the Complaint including, without limitation, the headings and subheadings. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required and allegations for which Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations shall be deemed denied. Defendants expressly reserve the right to amend and/or supplement their answer.

## RESPONSE TO SLINGSHOT’S PRAYER FOR RELIEF

Defendants deny that Slingshot is entitled to the relief it requests or to any other relief.

## RESPONSE TO SLINGSHOT’S DEMAND FOR A JURY TRIAL

Defendants admit that Slingshot has demanded a jury trial for all triable issues alleged in its Complaint.

## DEFENSES

Without assuming any burden other than those imposed by operation of law, and without admitting that they bear the burden of proof with respect to any of the following, Defendants, on information and belief, while reserving the right to add additional defenses based on facts learned in discovery or otherwise, assert the following defenses.

### First Defense
### (Non-Infringement of the Patents in Suit)

Defendants have not infringed and will not infringe, directly or indirectly, any valid and enforceable claim of the Patents in Suit, either literally or under the doctrine of equivalents.

### Second Defense
### (Invalidity of the Patents in Suit)

Each asserted claim of the Patents in Suit is invalid and/or unenforceable for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

### Third Defense
### (Prosecution History Estoppel and Prosecution History Disclaimer)

Slingshot's claims that Defendants infringe the Patents in Suit are estopped in whole, or in part, by representations made or actions taken during the prosecution of the applications that lead to the Patents in Suit and/or related patents under the doctrine of prosecution history estoppel and/or prosecution history disclaimer.

**Fourth Defense**
**(Ensnarement)**

On information and belief, Slingshot's infringement claims are barred by the doctrine of ensnarement. Slingshot is foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

**Fifth Defense**
**(Standing)**

On information and belief, Slingshot lacks all substantial rights to the Patents in Suit and does not have standing to bring this lawsuit by itself pursuant to 35 U.S.C. § 281. Additionally, on information and belief, because Slingshot lacks standing to sue on the Patents in Suit, Slingshot has failed to state a claim upon which relief can be granted.

**Sixth Defense**
**(Failure to State a Claim)**

Slingshot's Complaint fails to state a claim upon which relief may be granted. Moreover, as to any allegations of infringement of the '523 Patent, Slingshot has failed to allege any allegations of infringement against Canon Solutions and thus has failed to state a claim upon which relief may be granted for any allegation of infringement of the '523 Patent by Defendant Canon Solutions.

**Seventh Defense**
**(No Damages)**

Slingshot has not incurred any damages resulting from its allegations that Defendants have infringed the Patents in Suit. Defendants deny any allegations of infringement of the Patents in Suit.

**Eighth Defense**
**(Limitation on Damages and Costs)**

Slingshot's claims for relief are barred in whole or in part, including without limitation by 35 U.S.C. §§ 286, 287, and/or 288.

**Ninth Defense**
**(Government Sales)**

Slingshot's claims for infringement as they relate to any product manufactured by Defendants for use by the United States is limited to the rights and remedies set forth in 28 U.S.C. §1498. Slingshot cannot seek damages against Defendants for any product made for and/or used by the United States government

**Tenth Defense**
**(No Willful Infringement)**

To the extent Slingshot asserts claims for willful infringement, Defendants have not willfully infringed the Patents in Suit, and Slingshot is therefore not entitled to enhanced damages pursuant to 35 U.S.C. § 284.

**Eleventh Defense**
**(No Exceptional Case)**

Slingshot cannot prove that its case against Defendants is exceptional and warrants the award of attorney fees under 35 U.S.C. § 285 or pursuant to the Court's inherent power.

**Twelfth Defense**
**(No Equitable Relief)**

Slingshot is not entitled to equitable relief, including Slingshot's request for injunctive relief, because the equities favor denying such relief, including because Slingshot is unlikely to succeed on the merits and the public interest would be disserviced by an injunction.

**Reservation of Additional Defenses**

Defendants reserve the right to add additional defenses based on facts learned in discovery or otherwise.

## COUNTERCLAIMS

Defendants Canon U.S.A., Inc. ("Canon USA") and Canon Solutions America, Inc. ("Canon Solutions") (collectively, "Defendants" or "Canon") assert the following Counterclaims against Plaintiff Slingshot Printing LLC ("Slingshot" or "Plaintiff"). Defendants reserve the right to assert additional counterclaims as warranted by facts discovered through investigation and discovery.

## Nature of the Action

1. Defendants assert counterclaims for declaratory judgment of invalidity of U.S. Patent Nos. 7,152,951 ("the '951 Patent"); 7,195,341 ("the '341 Patent"); 7,559,629 ("the '629 Patent"); and 7,938,523 ("the '523 Patent") (collectively, "the Slingshot Patents") arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

2. Defendants also assert counterclaims for declaratory judgment of non-infringement of the Slingshot Patents arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## The Parties

3. Defendant Canon USA is a New York corporation with its principal place of business at One Canon Park, Melville, New York 11747.

4. Defendant Canon Solutions is a New York corporation with its principal place of business at One Canon Park, Melville, New York 11747.

5. Slingshot represents in its Complaint that it is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 10015 Old Columbia Road, Suite B215, Columbia, Maryland 21046.

**Jurisdiction and Venue**

6. These Counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, and more particularly under 28 U.S.C. § 2201 *et seq*. and 35 U.S.C. § 1 *et seq*. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

7. There is an actual justiciable controversy between Defendants and Slingshot concerning the validity, enforceability, and infringement of the Slingshot Patents as evidenced by Slingshot's Complaint alleging that Defendants infringe the Slingshot Patents and Defendants' denial of those allegations.

8. Personal jurisdiction is proper over Slingshot at least because it commenced this action and thus has submitted to this Court's personal jurisdiction.

9. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) for Defendants' Counterclaims because Slingshot has consented to this venue by suing Defendants here.

**COUNTERCLAIM I**
**(Declaratory Judgment of Invalidity of the '951 Patent)**

10. Defendants reallege each of the foregoing paragraphs 1-9 as if fully set forth herein.

11. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

12. The claims of the '951 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

13. By way of example only, the claims of the '951 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent Publication No. 2003/0214552 either alone or in combination with other prior art references.

14. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe the '951 Patent in its Complaint.

15. Defendants are entitled to a declaratory judgment that the claims of the '951 Patent are invalid.

16. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM II**
**(Declaratory Judgment of Invalidity of the '341 Patent)**

17. Defendants reallege each of the foregoing paragraphs 1-16 as if fully set forth herein.

18. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

19. The asserted claims of the '341 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

20. By way of example only, the claims of the '341 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent No. 7,240,997 either alone or in combination with U.S. Patent No. 6,309,053.

21. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe the '341 Patent in its Complaint.

22. Defendants are entitled to a declaratory judgment that the claims of the '341 Patent are invalid.

23. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM III**
**(Declaratory Judgment of Invalidity of the '629 Patent)**

24. Defendants reallege each of the foregoing paragraphs 1-23 as if fully set forth herein.

25. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

26. The asserted claims of the '629 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

27. By way of example only, the claims of the '629 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of JP11-245409 either alone or in combination with other prior art.

28. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe the '629 Patent in its Complaint.

29. Defendants are entitled to a declaratory judgment that the claims of the '629 Patent are invalid.

30. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM IV**
**(Declaratory Judgment of Invalidity of the '523 Patent)**

31. Defendants reallege each of the foregoing paragraphs 1-30 as if fully set forth herein.

32. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

33. The asserted claims of the '523 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

34. By way of example only, the claims of the '523 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent No. 6,739,708 either alone or in combination with other prior art.

35. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe the '523 Patent in its Complaint.

36. Defendants are entitled to a declaratory judgment that the claims of the '523 Patent are invalid.

37. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM V**
**(Declaratory Judgment of Non-Infringement of the '951 Patent)**

38. Defendants reallege each of the foregoing paragraphs 1-37 as if fully set forth herein.

39. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

40. Defendants have not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the ‘951 Patent, either literally or under the doctrine of equivalents.

41. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe certain claims of the ‘951 Patent in its Complaint.

42. Defendants are entitled to a declaratory judgment that Defendants do not infringe, have not induced others to infringe, and have not contributed to the infringement of any claim of the ‘951 Patent, either literally or under the doctrine of equivalents.

43. This case is exceptional, and Defendants are entitled to attorneys’ fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM VI**
**(Declaratory Judgment of Non-Infringement of the ‘341 Patent)**

44. Defendants reallege each of the foregoing paragraphs 1-43 as if fully set forth herein.

45. Defendants incorporate by reference their answers and responses to Slingshot’s Complaint as if fully set forth herein.

46. Defendants have not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the ‘341 Patent, either literally or under the doctrine of equivalents.

47. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe certain claims of the ‘341 Patent in its Complaint.

48. Defendants are entitled to a declaratory judgment that Defendants do not infringe, have not induced others to infringe, and have not contributed to the infringement of any claim of the ‘341 Patent, either literally or under the doctrine of equivalents.

49. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM VII**
**(Declaratory Judgment of Non-Infringement of the '629 Patent)**

50. Defendants reallege each of the foregoing paragraphs 1-49 as if fully set forth herein.

51. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

52. Defendants have not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '629 Patent, either literally or under the doctrine of equivalents.

53. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe certain claims of the '629 Patent in its Complaint.

54. Defendants are entitled to a declaratory judgment that Defendants do not infringe, have not induced others to infringe, and have not contributed to the infringement of any claim of the '629 Patent, either literally or under the doctrine of equivalents.

55. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

**COUNTERCLAIM VIII**
**(Declaratory Judgment of Non-Infringement of the '523 Patent)**

56. Defendants reallege each of the foregoing paragraphs 1-55 as if fully set forth herein.

57. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

58. Defendants have not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '523 Patent, either literally or under the doctrine of equivalents.

59. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe certain claims of the '523 Patent in its Complaint.

60. Defendants are entitled to a declaratory judgment that Defendants do not infringe, have not induced others to infringe, and have not contributed to the infringement of any claim of the '523 Patent, either literally or under the doctrine of equivalents.

61. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Slingshot on the counterclaims set forth above and respectfully request that this Court:

A. Award Defendants the relief they seek in their Defenses asserted in response to Slingshot's Complaint;

B. Deny all damages, costs, expenses, attorneys' fees, or other relief requested by Slingshot;

C. Declare that each claim of the Slingshot Patents is invalid;

D. Declare that Defendants have not infringed and will not infringe any claim of the Slingshot Patents;

E. Declare that, pursuant to 35 U.S.C. § 285, this is an exceptional case and award Defendants their attorneys' fees;

F. Award Defendants their costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920; and

G. Award all other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(c), Defendants hereby demand a trial by jury on all triable issues alleged in its Counterclaims.

GANFER SHORE LEEDS & ZAUDERER LLP

*/s/ Grant A. Shehigian*

Grant A. Shehigian
360 Lexington Avenue
New York, New York 10017
Main: 212.922.9250
Direct: 212.412.9548
Fax: 212.922.9335
gshehigian@ganfershore.com

*Of Counsel*

MORGAN, LEWIS & BOCKIUS LLP

Amanda S. Williamson, PHV to be submitted
Maria E. Doukas, PHV to be submitted
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60610
(312) 324-1000
amanda.williamson@morganlewis.com
maria.doukas@morganlewis.com

Jason E. Gettleman. PHV to be submitted
1400 Page Mill Road
Palo Alto, CA 94304
Tel: 650.843.4000
Fax: 650.843.4001
jason.gettleman@morganlewis.com

Jitsuro Morishita, PHV to be submitted
16F, Marunouchi Building, 2-4-1,
Marunouchi, Chiyoda-ku
Tokyo 100-6316 Japan
Direct: +81.3.4578.2530
Main: +81.3.4578.2500
Fax: +81.3.4578.2501
jitsuro.morishita@morganlewis.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Grant A. Shehigian, certify that on February 25, 2022, I caused a copy of the foregoing document to be electronically filed via the Court's CM/ECF system which will send an electronic notification of the filing to all counsel of record.

*/s/ Grant A. Shehigian*