**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SLINGSHOT PRINTING LLC,<br><br>Plaintiff,<br>v.<br><br>CANON U.S.A., INC. and<br>CANON SOLUTIONS AMERICA, INC.<br><br>Defendants. | Civil Action No. 2:22-cv-00123<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Slingshot Printing LLC ("Slingshot") hereby submits the following response to the Counterclaims asserted by Canon U.S.A., Inc. and Canon Solutions America, Inc. (collectively "Defendants" or "Canon") (ECF No. 23).

## ANSWER TO COUNTERCLAIMS

### Nature of the Action

1. Defendants assert counterclaims for declaratory judgment of invalidity of U.S. Patent Nos. 7,152,951 ("the '951 Patent"); 7,195,341 ("the '341 Patent"); 7,559,629 ("the '629 Patent"); and 7,938,523 ("the '523 Patent") (collectively, "the Slingshot Patents") arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

Answer: This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Slingshot admits that Defendants assert counterclaims for a declaratory judgment of invalidity of the Slingshot Patents, but denies that any of the Slingshot Patents are invalid and denies that a declaratory judgment of invalidity is warranted for any of the Slingshot Patents.

2. Defendants also assert counterclaims for declaratory judgment of non-infringement of the Slingshot Patents arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

Answer: This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Slingshot admits that Defendants assert counterclaims for a declaratory judgment of non-infringement of the Slingshot Patents, but denies that a declaratory judgment of non-infringement is warranted.

**The Parties**

3. Defendant Canon USA is a New York corporation with its principal place of business at One Canon Park, Melville, New York 11747.

Answer: Admitted.

4. Defendant Canon Solutions is a New York corporation with its principal place of business at One Canon Park, Melville, New York 11747.

Answer: Admitted.

5. Slingshot represents in its Complaint that it is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 10015 Old Columbia Road, Suite B215, Columbia, Maryland 21046.

Answer: Admitted.

**Jurisdiction and Venue**

6. These Counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, and more particularly under 28 U.S.C. § 2201 *et seq*. and 35 U.S.C. § 1 *et seq*. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

Answer: Admitted that Canon's counterclaims arise under Federal Law and that this Court has jurisdiction. The remaining allegations of this paragraph are legal conclusions to which no response is required.

7. There is an actual justiciable controversy between Defendants and Slingshot concerning the validity, enforceability, and infringement of the Slingshot Patents as evidenced by Slingshot's Complaint alleging that Defendants infringe the Slingshot Patents and Defendants' denial of those allegations.

Answer: Admitted that there is an actual controversy regarding the validity and infringement of the Slingshot Patents. Denied that Defendants have properly pled any basis to support an actual controversy regarding enforceability of any of the Slingshot Patents.

8. Personal jurisdiction is proper over Slingshot at least because it commenced this action and thus has submitted to this Court's personal jurisdiction.

Answer: Admitted that Slingshot commenced this action and submitted to this Court's personal jurisdiction for purposes of this lawsuit. Slingshot denies that it is otherwise subject to personal jurisdiction in this district.

9. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) for Defendants' Counterclaims because Slingshot has consented to this venue by suing Defendants here.

Answer: Admitted Slingshot sued Defendants in this district and that venue is proper in this district for this lawsuit. The remaining allegations of this paragraph are legal conclusions to which no response is required.

## COUNTERCLAIM I
## (Declaratory Judgment of Invalidity of the '951 Patent)

10. Defendants reallege each of the foregoing paragraphs 1-9 as if fully set forth herein.

Answer: Slingshot restates its responses to the foregoing paragraphs 1-9 of these Counterclaims as if fully set forth herein

11. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

Answer: Slingshot reaffirms the allegations in its Complaint. No further response to this paragraph is required.

12. The claims of the '951 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

Answer: Denied.

13. By way of example only, the claims of the '951 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent Publication No. 2003/0214552 either alone or incombination with other prior art references.

Answer: Denied.

14. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe the '951 Patent in its Complaint.

Answer: Admitted.

15. Defendants are entitled to a declaratory judgment that the claims of the '951 Patent are invalid.

Answer: Denied.

16. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

Answer: Slingshot states that Defendants' infringement makes this case exceptional. Slingshot denies that Defendants are entitled to attorneys' fees and/or costs pursuant to 35 U.S.C. § 285 and denies that any matters pled in Defendants' counterclaims render this an exceptional case.

**COUNTERCLAIM II**
**(Declaratory Judgment of Invalidity of the '341 Patent)**

17. Defendants reallege each of the foregoing paragraphs 1-16 as if fully set forth herein.

Answer: Slingshot restates its responses to the foregoing paragraphs 1-16 of these Counterclaims as if fully set forth herein.

18. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

Answer: Slingshot reaffirms the allegations in its Complaint. No further response to this paragraph is required.

19. The asserted claims of the '341 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

Answer: Denied.

20. By way of example only, the claims of the '341 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent No. 7,240,997 either alone or in combination with U.S. Patent No. 6,309,053.

Answer: Denied.

21. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe the '341 Patent in its Complaint.

Answer: Admitted.

22. Defendants are entitled to a declaratory judgment that the claims of the '341 Patent are invalid.

Answer: Denied.

23. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

Answer: Slingshot states that Defendants' infringement makes this case exceptional. Slingshot denies that Defendants are entitled to attorneys' fees and/or costs pursuant to 35 U.S.C. § 285 and denies that any matters pled in Defendants' counterclaims render this an exceptional case.

## COUNTERCLAIM III
## (Declaratory Judgment of Invalidity of the '629 Patent)

24. Defendants reallege each of the foregoing paragraphs 1-23 as if fully set forth herein.

Answer: Slingshot restates its responses to the foregoing paragraphs 1-23 of these Counterclaims as if fully set forth herein.

25. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

Answer: Slingshot reaffirms the allegations in its Complaint. No further response to this paragraph is required.

26. The asserted claims of the '629 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

Answer: Denied.

27. By way of example only, the claims of the '629 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of JP11-245409 either alone or in combination with other priorart.

Answer: Denied.

28. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe the '629 Patent in its Complaint.

Answer: Admitted.

29. Defendants are entitled to a declaratory judgment that the claims of the '629 Patent are invalid.

Answer: Denied.

30. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

Answer: Slingshot states that Defendants' infringement makes this case exceptional. Slingshot denies that Defendants are entitled to attorneys' fees and/or costs pursuant to 35 U.S.C. § 285 and denies that any matters pled in Defendants' counterclaims render this an exceptional case.

**<u>COUNTERCLAIM IV</u>**
**<u>(Declaratory Judgment of Invalidity of the '523 Patent)</u>**

31. Defendants reallege each of the foregoing paragraphs 1-30 as if fully set forth herein.

<u>Answer</u>: Slingshot restates its responses to the foregoing paragraphs 1-30 of these Counterclaims as if fully set forth herein.

32. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

<u>Answer</u>: Slingshot reaffirms the allegations in its Complaint. No further response to this paragraph is required.

33. The asserted claims of the '523 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or obviousness-type double patenting, and the rules, regulations, and laws pertaining thereto.

<u>Answer</u>: Denied.

34. By way of example only, the claims of the '523 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of U.S. Patent No. 6,739,708 either alone or in combination with other prior art.

<u>Answer</u>: Denied.

35. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe the '523 Patent in its Complaint.

<u>Answer</u>: Admitted.

36. Defendants are entitled to a declaratory judgment that the claims of the '523 Patent are invalid.

<u>Answer</u>: Denied.

37. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

<u>Answer</u>: Slingshot states that Defendants' infringement makes this case exceptional. Slingshot denies that Defendants are entitled to attorneys' fees and/or costs pursuant to 35 U.S.C.

§ 285 and denies that any matters pled in Defendants' counterclaims render this an exceptional case.

**COUNTERCLAIM V**
**(Declaratory Judgment of Non-Infringement of the '951 Patent)**

38. Defendants reallege each of the foregoing paragraphs 1-37 as if fully set forth herein.

Answer: Slingshot restates its responses to the foregoing paragraphs 1-37 of these Counterclaims as if fully set forth herein.

39. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

Answer: Slingshot reaffirms the allegations in its Complaint. No further response to this paragraph is required.

40. Defendants have not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '951 Patent, either literally or under the doctrine of equivalents.

Answer: Denied.

41. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe certain claims of the '951 Patent in its Complaint.

Answer: Admitted.

42. Defendants are entitled to a declaratory judgment that Defendants do not infringe, have not induced others to infringe, and have not contributed to the infringement of any claim of the '951 Patent, either literally or under the doctrine of equivalents.

Answer: Denied.

43. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

Answer: Slingshot states that Defendants' infringement makes this case exceptional. Slingshot denies that Defendants are entitled to attorneys' fees and/or costs pursuant to 35 U.S.C.

§ 285 and denies that any matters pled in Defendants' counterclaims render this an exceptional case.

**COUNTERCLAIM VI**
**(Declaratory Judgment of Non-Infringement of the '341 Patent)**

44. Defendants reallege each of the foregoing paragraphs 1-43 as if fully set forth herein.

Answer: Slingshot restates its responses to the foregoing paragraphs 1-43 of these Counterclaims as if fully set forth herein.

45. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

Answer: Slingshot reaffirms the allegations in its Complaint. No further response to this paragraph is required. Slingshot denies Canon's answers and responses to the Complaint.

46. Defendants have not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '341 Patent, either literally or under the doctrine of equivalents.

Answer: Denied.

47. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe certain claims of the '341 Patent in its Complaint.

Answer: Admitted.

48. Defendants are entitled to a declaratory judgment that Defendants do not infringe, have not induced others to infringe, and have not contributed to the infringement of any claim of the '341 Patent, either literally or under the doctrine of equivalents.

Answer: Denied.

49. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

Answer: Slingshot states that Defendants' infringement makes this case exceptional. Slingshot denies that Defendants are entitled to attorneys' fees and/or costs pursuant to 35 U.S.C.

§ 285 and denies that any matters pled in Defendants' counterclaims render this an exceptional case.

**COUNTERCLAIM VII**
**(Declaratory Judgment of Non-Infringement of the '629 Patent)**

50. Defendants reallege each of the foregoing paragraphs 1-49 as if fully set forth herein.

Answer: Slingshot restates its responses to the foregoing paragraphs 1-49 of these Counterclaims as if fully set forth herein.

51. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

Answer: Slingshot reaffirms the allegations in its Complaint. No further response to this paragraph is required.

52. Defendants have not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '629 Patent, either literally or under the doctrine of equivalents.

Answer: Denied.

53. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe certain claims of the '629 Patent in its Complaint.

Answer: Admitted.

54. Defendants are entitled to a declaratory judgment that Defendants do not infringe, have not induced others to infringe, and have not contributed to the infringement of any claim of the '629 Patent, either literally or under the doctrine of equivalents.

Answer: Denied.

55. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

Answer: Slingshot states that Defendants' infringement makes this case exceptional. Slingshot denies that Defendants are entitled to attorneys' fees and/or costs pursuant to 35 U.S.C.

§ 285 and denies that any matters pled in Defendants' counterclaims render this an exceptional case.

**COUNTERCLAIM VIII**
**(Declaratory Judgment of Non-Infringement of the '523 Patent)**

56. Defendants reallege each of the foregoing paragraphs 1-55 as if fully set forth herein.

Answer: Slingshot restates its responses to the foregoing paragraphs 1-55 of these Counterclaims as if fully set forth herein.

57. Defendants incorporate by reference their answers and responses to Slingshot's Complaint as if fully set forth herein.

Answer: Slingshot reaffirms the allegations in its Complaint. No further response to this paragraph is required.

58. Defendants have not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '523 Patent, either literally or under the doctrine of equivalents.

Answer: Denied.

59. An actual case or controversy exists between Defendants and Slingshot because Slingshot has alleged Defendants infringe certain claims of the '523 Patent in its Complaint.

Answer: Admitted.

60. Defendants are entitled to a declaratory judgment that Defendants do not infringe, have not induced others to infringe, and have not contributed to the infringement of any claim of the '523 Patent, either literally or under the doctrine of equivalents.

Answer: Denied.

61. This case is exceptional, and Defendants are entitled to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

Answer: Slingshot states that Defendants' infringement makes this case exceptional. Slingshot denies that Defendants are entitled to attorneys' fees and/or costs pursuant to 35 U.S.C.

§ 285 and denies that any matters pled in Defendants' counterclaims render this an exceptional case.

## GENERAL DENIAL

To the extent any allegation in Defendants' Counterclaims was not specifically admitted above, Slingshot denies any such allegation.

## PRAYER FOR RELIEF

No response is necessary to Defendants' prayer for relief. To the extent a response is required, Slingshot denies that Defendants are entitled to any of the relief requested, or any other relief, and further requests that the Court provide Slingshot with the following requested relief:

A. Dismissal of Defendants' counterclaims with prejudice;

B. Judgment that the Slingshot Patents are valid, enforceable, and infringed by Defendants;

C. An award to Slingshot of its attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 285; and

D. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P 38(b), Slingshot hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

Respectfully submitted,

Date: March 18, 2022

/s/ Mark A. Borsos
Timothy P. Maloney (IL 6216483)
Mark A Borsos (IL 6277161)
David A. Gosse (IL 6299892)
Jacqueline L. Thompson (IL 6333461)
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 2100
Chicago, Illinois 60603
Telephone: (312) 577-7000

David L. Hecht
Maxim Price
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 851-6821
Dhecht@hechtpartners.com
Mprice@hechtpartners.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2022 I caused a copy of the foregoing document to be filed via the Court's CM/ECF system, which will send an electronic notification to all counsel of record.

/s/ Mark A. Borsos
Mark A. Borsos
*Attorney for Plaintiff Slingshot Printing LLC*