UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

Slingshot Printing LLC,

                              Plaintiff,                                **ORDER**

                    v.

                                                              22-CV-00123 (HG) (LGD)
Canon U.S.A., Inc. and                                        22-CV-01852 (HG) (LGD)
Canon Solutions America, Inc.
                              Defendants.

--------------------------------------------------------X

**LEE G. DUNST,** Magistrate Judge:

       Plaintiff Slingshot Printing LLC ("Slingshot") has brought two patent infringement actions

against Defendants Canon U.S.A., Inc. and Canon Solutions America, Inc. (together "Canon")

alleging that Canon infringed various patents related to inkjet printer technology.  Specifically, in

the first-filed case under Docket Number 22-CV-00123 ("*Slingshot I*"), Plaintiff alleges

infringement of U.S. Patent Nos. 7,152,951; 7,195,341; 7,559,629; and 7,938,523.  *Slingshot I*

Electronic Case File Number ("ECF No.") 1, ¶ 1.  Subsequently, in the later-filed case under

Docket Number 22-CV-01852 ("*Slingshot II*"), Plaintiff alleges infringement of U.S. Patent Nos.

7,484,823; 7,594,708; and 7,290,864.  *Slingshot II* ECF No. 1¶ 1.  Currently before the Court is

Canon's application for a stay in both *Slingshot I* and *Slingshot II* pending the resolution of the

expected *inter partes* review ("IPR") of the six asserted patents by the United States Patent and

Trademark Office ("PTO").  *Slingshot I* ECF No. 47; *Slingshot II* ECF No. 37.  Plaintiff opposes

the motion.  *Slingshot I* ECF No. 50; *Slingshot II* ECF No. 40.  For the reasons set forth in further

detail below, Defendants' motion to stay is granted in *Slingshot I* pending resolution of the

ongoing IPR review and in *Slingshot II* through December 30, 2022 in order to permit Defendants

to file IPR petitions on the asserted claims in that action.

## I.  BACKGROUND

Plaintiff commenced the *Slingshot I* action on January 7, 2022.  *Slingshot I* ECF No. 1.

Defendants filed their Answer and counterclaims in *Slingshot I* on February 25, 2022.  *Slingshot I*

ECF No. 23.  Plaintiff then filed its Answer to the counterclaims on March 18, 2022.  *Slingshot I*

ECF No. 27.  As to *Slingshot II*, Plaintiff commenced that action on April 1, 2022, Defendants

filed their Answer and counterclaims on May 31, 2022, and Plaintiff filed its Answer to the

counterclaims on June 21, 2022.  *Slingshot II* ECF Nos. 1, 21, and 23.

The Court held an initial conference in both cases on July 5, 2022 and issued an initial

discovery scheduling order in both cases.  *Slingshot I* ECF No. 30; *Slingshot II* ECF No. 25.  The

parties engaged in extensive discussions over the summer and early fall regarding the protective

order in both cases and also obtained extensions of the discovery and related deadlines.[1]  *See*

*Slingshot I* ECF Nos. 35, 36; *Slingshot II* ECF Nos. 30, 31.  On September 9, 2022, Defendants

alerted the Court that it intended to seek a stay in *Slingshot I*.  *Slingshot I* ECF 37.  During the

October 21, 2022 Status Conference, Defendants orally advised the Court that they might seek a

similar stay in *Slingshot II*.  *See Slingshot II* ECF No. 35.  On October 21, 2022, the Court set a

briefing schedule on the expected stay motion in both cases.  *Slingshot I* ECF No. 45; *Slingshot II*

ECF No. 35.  Defendants' motion to stay was filed on November 2, 2022.  *Slingshot I* ECF No.

47; *Slingshot II* ECF No. 37.  Plaintiff filed its opposition on November 16, 2022.  *Slingshot I*

ECF No. 50; *Slingshot II* ECF No. 40.  At the same time as the briefing on the motion was

ongoing, the Court granted the parties' jointly proposed schedule on November 3, 2022,

---

[1]  On September 16, 2022, Magistrate Judge Anne Y. Shields recused herself from this case, resulting in the random reassignment of the *Slingshot* cases.  *Slingshot I* ECF No. 39; *Slingshot II* ECF No. 33.  Slingshot *I* was reassigned to Magistrate Judge Steven Tiscione and *Slingshot II* was reassigned to the undersigned.  *Slingshot I* September 19, 2022 Order; *Slingshot II* September 16, 2022 Order.  Given the related issues of the cases, the parties requested both cases be reassigned to the same Magistrate Judge.  *Slingshot I* ECF Nos. 41, 42.  On October 17, 2022, *Slingshot I* was reassigned to the undersigned.  *Slingshot I* October 17, 2022 Order.

coordinating discovery and motion practice on *Slingshot I* and *Slingshot II* on the same schedule running into late 2024. *Slingshot I* November 3, 2022 Order; *Slingshot II* November 3, 2022 Order.

As to the asserted inkjet printer patent claims in *Slingshot I*, Defendants filed IPR petitions between August and October 2022 and anticipate a decision by the PTO in spring 2023.[2] *Slingshot I* ECF No. 47 at p. 2. Regarding *Slingshot II*, Defendants advise the Court that they are in the process of finalizing those IPR petitions and will file them by the end of December 2022. *Slingshot II* ECF No. 37 at p. 4.

## II.   LEGAL STANDARD

Under the Leahy-Smith America Invents Act ("AIA"), "Congress sought to establish a more efficient and streamlined patent system . . . and limit unnecessary and counterproductive litigation costs and to create a timely, cost-effective alternative to litigation." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 (NSR), 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014) (internal quotation marks omitted) (citing among others 77 Fed. Reg. 48680-01 (Aug. 12, 2012) (codified at 37 C.R.R. §§ 42.100 et seq.)); *accord Synkloud Techs., LLC v. Cartessa Aesthetics, LLC.*, No. 21-CV-4423 (GRB) (JMW), 2022 WL 1046261 (E.D.N.Y. Apr. 6, 2022). Per the so-called *inter partes* review procedure under the AIA, an IPR petition must be filed within one year of service of the complaint alleging patent infringement. 35 U.S.C. § 3115 (b). "The PTO may decide to institute such a review if the petition shows there is a 'reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.'" *Wiesel v. Apple Inc.*, 19-CV-7261, DE 35, (JMA) (SIL) (E.D.N.Y. Nov. 5, 2020) (citing 35 U.S.C. § 314(a)). The PTO generally seeks to fast track these petitions as the decision to

---

[2] Plaintiffs do not disagree with the spring 2023 estimate for the PTAB to address the *Slingshot I* IPRs. *Slingshot I* ECF No. 50 at p. 5.

institute IPR "must be made within 3 months of the patent holder's response to an IPR petition or 3 months" from the last day the patent holder could respond to the petition, and the "final decision must be made within 1 year of the decision to commence IPR, with the possibility that the proceeding may be extended for an additional 6 months for good cause." *Synkloud,* 2022 WL 1046261 at *1 (citing 35 U.S.C. §§ 314(b), 316 (a)(11)).

The courts have the "inherent power to stay an action pending IPR." *Synkloud,* 2022 WL 1046261 at *2; *accord Goodman v. Samsung Elec. Am., Inc.*, 17-CV-5539 (JGK), 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017). Courts generally consider three factors in analyzing whether a stay is warranted and appropriate pending the completion of review proceedings before the PTO: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the state of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Synkloud,* 2022 WL 1046261 at *2. In evaluating the prejudice prong, four sub-factors should be taken into account: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 (DEP), 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014) (quotation and citation omitted). The courts also may consider the totality of the circumstances beyond these factors. *See Synkloud,* 2022 WL 1046261 at *2; *Rovi Guides, Inc. v. Comcast Corp.*, 16-CV-9278 (JPO), 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017).

## III.    DISCUSSION

### A.    Simplification of the Issues in Question and Trial of the Case

"The issues in patent matters may be simplified through IPR." *Synkloud,* 2022 WL 1046261 at *2. Claims may be rendered moot or issues may be narrowed subject to what occurs during the IPR. *See Rovi Guides*, 2017 WL 4876305 at *3. Even if unsuccessful, a defendant will

4

be "estopped from challenging the validity of the claims on any ground that was raised or reasonably could have been raised during the IPR proceedings." *Id.* (internal quotation marks omitted) (citing 35 U.S.C. § 315(e)(2)).

In opposing the requested stay in these cases, Plaintiff argues that the possible simplification of the issues is "speculative" and the imposition of a stay would only "delay discovery and hinder meaningful settlement discussions." *Slingshot I* ECF No. 50 at p. 3; *Slingshot II* ECF No. 40 at p. 3. The Court disagrees. Plaintiff recently proposed (and the Court approved) a discovery and motion schedule extending into late 2024, so the concerns about any possible delay associated with the upcoming IPR process in early 2023 seem limited. As to possible settlement discussions, it seems highly unlikely that Defendants will engage in any such dialogue until the IPR process is completed. The Court finds that this factor weighs in favor of a stay in *Slingshot I* as Defendants filed petitions on the asserted claims in this action, as well as a temporary stay in *Slingshot II* as Defendants intend to file petitions on those claims by December 30, 2022. If instituted, the IPR proceedings in spring 2023 would streamline this litigation with limited impact on a case schedule extending into late 2024. *See Synkloud,* 2022 WL 1046261 at *3 (citing 35 U.S.C. §§6(a)-(c), 311).

**B.    Status of the Case**

In analyzing this factor, courts evaluate the stage of the litigation, focusing on the date the stay motion is filed. *VirtualAgility Inc., v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014). "The earlier the stage of the proceedings, the greater the reason to grant a stay." *Synkloud,* 2022 WL 1046261 at *3 (citing *Surfcast, Inc. v. Microsoft Corp.*, No. 2:12-cv-333-JDL., 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014)). The parties here disagree about how much discovery has taken place to date, but it cannot be disputed that a substantial amount remains to be conducted as the parties' agreed-upon schedule runs into late 2024 in both cases.

The parties' jointly proposed schedule which extends for the next two years weighs in favor of a stay. *See, e.g., DivX, LLC v. Hulu, LLC*, CV 21-1615 PSG (DFMx), 2021 WL 6499935, at *5 (C.D. Cal. Oct. 6, 2021) (case status weighed in favor of stay when trial was over a year away, discovery had just begun and parties had not filed claim construction briefs); *Wiesel v. Apple, Inc.*, DE 35, 19-cv-7261 (JMA) (SIL) (E.D.N.Y. Nov. 5, 2020) (case status factor weighed in favor of stay because case was in early discovery as fact discovery was not complete, expert discovery was not complete, and depositions had yet to be held); *Think Prods., Inc., v. ACCO Brands Corp.*, DE 31, CV 14-6659 (KAM) (SIL) (E.D.N.Y. June 19, 2015) (same); *Synkloud,* 2022 WL 1046261 at *3 (same).

### C.   Existence of Undue Prejudice or Clear Tactical Disadvantage

"[M]ere delay in the litigation does not establish undue prejudice."  *Synkloud,* 2022 WL 1046261 at *3.  The four sub-factors that courts consider when determining whether a party will suffer undue prejudice or be at a clear tactical disadvantage favor granting the requested stay in both *Slingshot I* and *Slingshot II*.

### i.   Timing of the Request and Timing of Request for a Stay

As to *Slingshot I*, Defendants argue that they expeditiously prepared and filed the IPR petitions within the statutory one-year period and moved for a stay pending IPR shortly after filing those petitions.  Defendants further argue that the motion to stay was filed early on in this case which extends into late 2024.  The Complaint was filed on January 7, 2022 and Defendants filed the first petition in August 2022 well within the one-year statutory period.  Plaintiff does not dispute that Defendants filed their IPR petitions relevant to *Slingshot I* prior to the end of the one-year time period.  Further, Defendants first sought leave of the Court to seek the stay in this case on September 9, 2022.  The Court finds that the timing of Defendants' IPR request and

Defendants' request for a stay favor granting the stay in *Slingshot I*.  *See, e.g., Synkloud,* 2022 WL 1046261 at *3.

The current posture in *Slingshot II* is not as advanced as in its sister case, but the Court concludes that a temporary stay is warranted in *Slingshot II*.  The Complaint was filed in this case on May 31, 2022, but, unlike the related case involving the parties, Defendants have not yet filed their IPR petitions.  However, Defendants represent to the Court that they are "preparing its challenges expeditiously" and they need "additional time to finalize" the petitions in light of "different technologies" covered by the patents in *Slingshot I* versus *Slingshot II*.  *Slingshot II* ECF No. 37 at pp. 1-2.  As a result, Defendants are seeking a stay in *Slingshot II* through the end of December 2022 in order to file these petitions, noting that keeping these two cases on the same schedule would "avoid[] the obvious inefficiencies that would arise if the cases proceeded out of sync."  *Slingshot II* ECF No. 37 at p. 2.  Plaintiff opposes this more limited stay in *Slingshot II*, arguing this will "derail" the scheduling order "with no clear benefit."  *Slingshot II* ECF No. 40 at p. 5.  The Court disagrees that permitting Defendants until the end of December 2022 to file the *Slingshot II* petitions and keeping the two cases on the same schedule will have the dire impact feared by Plaintiffs.  *See generally Dietz v. Bouldin,* 579 U.S. 40, 41 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").  The Court finds that the timing of Defendants' impending IPR petitions in *Slingshot II* favor granting Defendants' requested temporary stay.  *See Wood v. F.B.I.*, 432 F.3d 78, 34 (2d. Cir. 2005) (recognizing that courts have "broad discretion to manage pre-trial discovery"); *Lopez v. City of New York*, 2021 U.S. Dist. LEXIS 123469, at *2 (S.D.N.Y. July 1, 2021) (recognizing the "considerable discretion" afforded the Court under Fed. R. Civ. P. 26(c)).

### ii.    Status of the Review Proceeding

Courts are divided as to whether filing a motion to stay is premature if a petition is filed with the PTO but a decision on whether to institute proceedings is pending.  *See Synkloud,* 2022 WL 1046261 at *4 (collecting cases).  However, several recent Eastern District cases have addressed this factor and favor imposition of a stay.  *See Synkloud,* 2022 WL 1046261 at *4 (granting stay "despite uncertainty regarding timing of the PTO's decision whether to institute proceedings because of the high probability such a request would be granted and because potential benefits outweigh a short delay if a stay is granted and the IPR is denied"*); Wiesel v. Apple, Inc.*, DE 35, 19-cv-7261 (JMA) (JMW) (E.D.N.Y. Nov. 5, 2020) (same); *Think Prods., Inc., v. ACCO Brands Corp.*, DE 31, CV 14-6659 (KAM) (SIL) (E.D.N.Y. June 19, 2015) (same).  "[T]he better course is to allow the PTO to apply its expertise to these proceedings before considerable judicial resources are expended."  *Synkloud,* 2022 WL 1046261 at *4.

In evaluating this factor, the Court concludes that staying these actions pending the PTO review process will streamline both cases, eliminate counterproductive litigation costs, and keep *Slingshot I* and *Slingshot II* on the same discovery and motion schedule into late 2024. Accordingly, the Court finds that this subfactor favors a stay.

### iii.    The Relationship of the Parties

"Where the parties are competitors, there is certainly the real possibility of undue prejudice." *Synkloud,* 2022 WL 1046261 at *4.  But that is not the case here where it is undisputed that there is no such competition between Plaintiff and Defendants.  Under such circumstances, the courts have granted stays. *See, e.g., Think Prods., Inc.,* DE 35, 19-cv-7261 (JMA) (JMW) (noting that "a stay would not adversely affect market competition").  In response, Plaintiff cites generic concerns about delay and cite to the admonition in Fed. R. Civ. P. 1

regarding the need for a "speedy" resolution of every action.  However, as noted previously, Plaintiff proposed the current schedule to the Court that extends into late 2024, so their apparent concern about a "speedy" outcome is unconvincing.  Further, the imposition of "a stay does not diminish the monetary damages that Plaintiffs may recover in this lawsuit, it only delays realization of those damages."  *Synkloud,* 2022 WL 1046261 at *4 (citation omitted).  Accordingly, the Court finds that the absence of a relationship between the parties favors issuance of a stay.

Overall, the Court finds that the four undue prejudice subfactors weigh in favor of granting a stay in both *Slingshot I* and *Slingshot II*.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that the relevant factors weigh in favor of issuing a stay in both cases.  Accordingly, Defendants' motion for a stay pending the resolution of the *inter partes* review of the *Slingshot I* patents is therefore granted.  As to *Slingshot II*, Defendants' motion for a temporary stay through December 30, 2022 is granted to permit them to file their IPR petitions and, upon said filing, Defendants may seek leave to extend the *Slingshot II* stay pending the resolution of the *inter partes* review of those patents.


**SO ORDERED**:

Dated: Central Islip, New York
       December 1, 2022

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge